The principal question in this case is, whether the act of May 6, 1868 (Laws of 1868, chap. 635, § 1), repeals the prohibition contained in the act of 1858 (Laws of 1858, chap. 35, § 1), as amended by the act of 1859 (Laws of 1859, chap. 213, § 1), against any proceedings being taken by the common council of the city of Brooklyn, for digging down or filling in lots, unless upon petition signed by a majority of the landowners referred to in those acts. If this prohibition was in force in 1872, when the improvement now in question was ordered, the assessment complained of by the petitioner was rightfully vacated, for it is conceded that no *Page 167 
petition was presented. But if the act of 1868, or any of the other acts referred to in the briefs, operated to restore the power of the common council in respect to filling in lots, as conferred by the consolidated charter of 1854, and to free this power from the restriction imposed upon it by the acts of 1858, 1859, then the assessment was valid, and the application of the petitioner should have been denied.
By the consolidated charter of 1854 (Laws of 1854, chap. 384, tit. 2, § 13, sub. 23), power was conferred upon the common council to direct the digging down, draining, or filling up of all lots, in all cases in which, by a vote of two-thirds, they should decide such measures necessary for preventing damage to the streets, etc., or for abating a nuisance, and, also, to direct the fencing of vacant lots, building of walls, etc.
The act of 1858 did not purport to be an amendment of this charter, nor of subdivision 23. It is on its face an independent act. If it should be treated as an amendment, it must be regarded as an additional section inserted in the charter, imposing a condition upon the exercise of the power conferred by subdivision 23, and not as incorporated into that subdivision.
The act of 1868 enacts, that subdivision 23 be "amended so as to read as follows." It then repeats the subdivision, word for word, in so far as the filling in of lots is concerned, but changes its language in reference to the building of walls. It contains no reference to the acts of 1858 and 1859, nor to the prohibition against any action of the common council without a petition, and contains no language inconsistent with the continuance of that prohibition. The purpose of the amendment does not appear to have any relation to that subject, but to have been solely to amend the existing provisions in regard to directing the erection of walls.
It is argued, on the part of the appellant, that the act of 1868 re-enacts the twenty-third subdivision in the act of 1854, giving to the common council the power to fill in lots, without the condition imposed by the acts of 1858 and 1859, and that, *Page 168 
therefore, the condition is abrogated. It is also argued that, by acts passed in 1861 and 1866, the acts of 1858 and 1859 had been supplanted, and the legislature regarded them as repealed.
Looking at the acts of 1859 and 1868 we cannot see that they are inconsistent with each other. As the law stood at the time of the passage of the act of 1868, the common council had power, under subdivision 23, in the charter of 1854, to direct the filling in of lots. By the act of 1859, they were prohibited from exercising that power, unless a petition were presented. That prohibition was not incorporated in subdivision 23 by amendment or otherwise, but was a separate provision. Suppose it had been incorporated into the charter as a separate section, it would not be affected by an amendment of subdivision 23, especially when the amendment related solely to a subject entirely distinct from that of filling lots. Clearly, such an amendment to subdivision 23 did not affect their prohibition or condition when contained in a separate and independent statute.
If there were any doubt upon this point it would seem to be resolved by legislation subsequent to 1868, which recognizes the act of 1858, as amended in 1859, as being in force.
This act of 1859 contained, in addition to the condition requiring a petition, a further condition that no lot should be assessed for filling in for more than one-third of its value. If the first mentioned condition was repealed by the act of 1868, the same reasoning would show that the second was also repealed. Yet the legislature, in 1871 (Laws of 1871, chap. 866, § 1), expressly repeals this second provision. The same act of 1871 also authorizes certain specific improvements, and declares that the provisions of the act of 1858 and the act amendatory thereof, shall not apply to the improvements authorized by this act. This legislation recognizes those provisions as still in force, and seriously conflicts with the view of the appellant, that the provisions of the acts of 1858 and 1859 had been, previously, wholly abrogated.
We have considered the argument of the appellant, that *Page 169 
the act of 1859 was supplanted or repealed by the Laws of 1861 (chap. 169), 1869 (chap. 97) 1866 (chap. 74). None of these acts refer or relate to the filling in of lots, and, after examination, we have come to the conclusion that they do not affect the question involved in the present case. In respect to these acts, we concur in the views expressed by McCUE, J., in the opinion delivered by him at Special Term.
We have not referred to the power conferred upon the common council to fill in lots when necessary for sanitary purposes, as no question arises here in reference to the exercise of that power.
The order should be affirmed, with costs.
Order affirmed.