JOHN R. WALKER, Receiver, etc., Appellant, *v.* NICHOLAS HENRY, Impleaded, etc., Respondent.

On January 28, 1876, defendant J. gave to defendant N. a chattel mortgage to secure $3,000 money loaned ; $200 was loaned on the day of the date of the mortgage, the residue prior to that time. The mortgagor was at that time indebted to M., but the mortgagee had *no notice of the debt;* the mortgage was duly filed. On January 13, 1877, M. obtained a judgment against J. ; on the same day execution was issued thereon, and returned *nulla bona* February 3, 1877. On January 27, 1877, instead of renewing the mortgage, J. executed to N. a new mortgage on the same chattels to secure the same debt, which was filed on that day. In an action to set aside the mortgages as fraudulent and void as against M., *held,* that N. was a *bona fide* mortgagee within the meaning of the statute, and that the last mortgage was a valid lien.

On October 14, 1876, J. executed to N. a bill of sale of the mortgaged property, but he remained in possession. *Held,* that the bill of sale was superseded by the second mortgage ; that, even if there was a merger of the first mortgage, the subsequent action was a recognition of the mortgage security, and reinstated and renewed it; and that if any estoppel arose between the parties, it was waived by the execution of the second mortgage.

As to whether in such case the doctrine of merger could be invoked by a creditor, *quære.*

Also *held,* that evidence of declarations of J., made after the making and filing of the first mortgage, were incompetent as against N.

For the enforcement of a lien of an execution upon personal property, a levy and sale is necessary, and such levy must be made during the lifetime of the execution. No constructive levy can arise or be presumed from the mere delivery of the execution. After the return day thereof without a levy, all claim to a lien is lost.

(Submitted March 21, 1881 ; decided April 19, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 13, 1879, affirming that portion of a judgment which was against the plaintiff, which judgment was entered upon a decision of the court, on trial at Special Term.

This action was brought by the plaintiff as receiver of the property of the defendant, Joseph Henry, appointed in proceedings supplementary to execution against him, to set aside

certain chattel mortgages and bills of sale of the property of the said Joseph Henry as fraudulent and void as against Edward Minturn, the judgment creditor who instituted said proceedings.

The following judgments were proved:

*Edward Minturn* v. *Joseph Henry,* docketed January 13, 1877, for $239.45. *The Same* v. *The Same,* docketed February 17, 1877, for $2,289.94. Executions were issued upon these judgments, directed to the sheriff of the county of Kings. The execution on the judgment for $239.45 was received by the sheriff January 13, 1877. Returned, no property found, and filed in the clerk's office February 3, 1877, and execution on the judgment for $2,289.94 was received by the sheriff February 16, 1877. Returned, no property found, and filed in the clerk's office March 10, 1877. At the time said judgments were obtained and executions issued, Joseph Henry was the owner and in possession of a lager beer brewery, in the town of New Lots, in Kings county. On the 28th day of January, 1876, Joseph Henry gave a chattel mortgage on the fixtures of said brewery to Nicholas Henry, to secure $3,000, money loaned, $200 on the day of the date of the mortgage, the residue at different times prior to that date. Said mortgage was filed in the town clerk's office at New Lots, on the 31st day of January, 1876. The judgments were for debts existing prior to the execution of the mortgage, but it did not appear that the mortgagee knew of the debts. On the 14th of October, 1876, Joseph Henry gave Nicholas a bill of sale of this same property, consideration expressed $10, and other valuable considerations; also sold him the beer on the premises, and Nicholas gave him a power of attorney to carry on the business. On the 27th of January, 1877, Joseph Henry gave to Nicholas a new mortgage on the fixtures to secure the old debt of $3,000, which was filed in said town clerk's office on the same day. A chattel mortgage was made by defendant, John Hoppe, to Nicholas Henry, conveying the property. on the premises to secure $4,000, dated April 23, 1877, was also in evidence. This mortgage contains the follow-

ing clause : "And all other fixtures, tools, implements, goods and chattels of, in and belonging to the hereinbefore mentioned brewery, and the lager beer saloon connected with said brewery, being part of the same property this day sold and granted to the said party of the first part, by the said party of the second part, by bill of sale bearing even date herewith, the mortgage being given to secure the payment of part of the purchase-money of the said property." Joseph Henry remained in possession carrying on the business until October, 1877.

The court found that the two mortgages to Nicholas were made in good faith, and with no intent to hinder, delay or defraud creditors, and directed judgment, declaring them to be good and valid, and that the mortgagee was entitled to recover the amount secured out of the mortgaged chattels, but that the bill of sale to Nicholas, and all bills of sale and transfers and the chattel mortgage to Hoppe, were void as against creditors. Judgment was entered accordingly.

*Charles N. Black* for appellant. A mortgage given for an old debt is not *bona fide* as against the creditors of the mortgagor. (2 R. S. 136, § 5 ; *Ray* v. *Birdseye*, 5 Den. 607–625.) The effect of the act of 1833 (4 Edmonds' Stat. 435) is only to protect *bona fide* mortgagees against creditors. ( *Van Heusen & Charles* v. *Radcliff*, 17 N. Y. 580, 583 ; *Thompson* v. *Van Vechten*, 27 id. 568–581 ; *Dickerson* v. *Tillinghast*, 4 Paige's Ch. 215, 220 ; *Parshall* v. *Eggert*, 54 N. Y. 18, 22.) A recital is not evidence against one who is not a party to the deed nor claims under a party. (2 Starkie on Ev. 21.) This mortgage was void as against Minturn's first execution, as it was not filed until after the lien of the execution attached, and consequently was subordinate and subject thereto. (*Hathaway* v. *Howell*, 54 N. Y. 97–102; *Ray* v. *Birdseye*, 5 Den. 619, 625 ; Bliss' Code, § 1405; *Lee* v. *Huntom*, 1 Hoff. Ch. 447, 461.) The debt secured by the mortgage was merged in the bill of sale given by Joseph to Nicholas, dated October 14, 1876, as a higher security. (*Hill* v. *Beebe*, 13 N. Y. 556–563; *James* v. *Moray*, 2 Cow. 246–285; *Mickles* v. *Townsend*, 18 N. Y. 582;

*Bostwick* v. *Frankfield*, 74 id. 207, 214; *U. S.* v. *Lyman*, 1 Mason, 482.) If the debt of $3,000, claimed by Nicholas Henry against Joseph, was an honest one, it was perverted to covering the property in the brewery from the creditors of Joseph, and this the law will not tolerate. ( *Waterbery* v. *Sturtevant*, 18 Wend. 353, 361.) Admission of facts which are *per se* fraudulent in judgment of law are as much so, and as conclusive upon the defendant, as if he had in express terms admitted a fraudulent intent in his answer; and in such case any subsequent disclaimer of such intent will not avail him. ( *Cunningham* v. *Freeborn*, 1 Wend. 241–253.)

*D. P. Barnard* for respondent. The mortgages having been given for an actual indebtedness (money loaned) and to secure that debt and with no fraudulent intent, none of the reasons stated in the complaint are sufficient to invalidate them. (*Levy* v. *Welsh*, 2 Edw. Ch. 438; *Gregory* v. *Thomas*, 20 Wend. 17; *Lee* v. *Hunton*, 1 Hoffm. Ch. 447, 461; *Hill* v. *Beebe*, 3 Kern. 556; *Dikeman* v. *Puckhafer*, 1 Abb. Pr. [N. S.] 32; *Frost* v. *Mott*, 34 N. Y. 253.)

MILLER, J. The chattel mortgage given by the defendant Joseph Henry, to his brother, the defendant Nicholas Henry, and the subsequent mortgage in renewal thereof, which are alleged to be fraudulent, were executed to secure the payment of various sums of money lent at different times to the mortgagor by the mortgagee. Of the whole amount, $3,000, the sum of $200 was loaned on the day of the date of the mortgage and the remainder prior to that time. The claim that it was given to secure an antecedent debt and was void, as to Minturn, a judgment creditor, whose judgment was docketed before the second mortgage was given, is not well founded. There is nothing in the statute or in the law which interferes with the making of a mortgage to secure such a demand under the circumstances existing. The first mortgage was executed before any judgments had been docketed against the mortgagor, and the mortgagee had no notice of the existence of the debt. Nor

does it appear that he had knowledge of the judgments when the second mortgage was given, or that there was any equitable lien in favor of the judgment creditor which gave him any precedence over the mortgagee. The defendant Nicholas Henry was clearly a *bona fide* mortgagee within the statute as against the judgment creditors whom the plaintiff represents, and as such entitled to a preference in collecting his demand out of the proceeds arising upon a sale of the mortgaged property. We have examined the cases cited by the appellant's counsel to uphold the position contended for. They refer mainly to equitable liens and have no application to the facts here presented. The giving of a new mortgage instead of re-filing and renewing the same did not affect the lien of the mortgage, or render it invalid except that the mortgagee ran the risk of a levy upon an execution after the first mortgage ceased to be a lien, and before a new one was filed. (*Lee* v. *Huntoon*, 1 Hoffm. Ch. 447.) The second mortgage did not extinguish the debt. (*Gregory* v. *Thomas*, 20 Wend. 17 ; *Hill* v. *Beebe*, 3 Kern. 556.) It was clearly valid except as against a levy upon an execution issued upon a judgment or a lien by virtue of such execution. The objection that the mortgage was not filed in the town where the mortgagor resided is without merit, as the finding of the court is to the contrary, and no exception is taken to the same.

The point made that the execution on the first judgment was delivered to the sheriff before the second mortgage was given and was not returned until afterward does not aid the plaintiff, as no levy was made or sale had under such execution, and the plaintiff did not enforce his lien. While, perhaps, the plaintiff had a right to levy and sell and thus collect his execution, he allowed it to be returned, and cannot claim that he is entitled to the benefit of the lien acquired after such return. For the enforcement of a lien of an execution a levy and sale is necessary, and such levy should have been made during the lifetime of the execution, and no constructive levy can arise or be presumed from the mere delivery of the execution. The goods cannot be seized after the return day, and the writ then ceases

to be of any force, and the right of the sheriff under it is at an end. (*Hathaway* v. *Howell*, 54 N. Y. 97.) If the judgment creditor had any right under the execution it should have been enforced. And in failing to do this, he lost all claim to a lien on the mortgaged property.

The question of merger does not appear to have been raised upon the trial and there is no finding as to the bill of sale executed by Joseph Henry to Nicholas, or any request to find which presents it for consideration. It is true that the judgment declares the bill of sale as well as all bills of sale or transfers mentioned in the complaint to John Hoppe, and also the chattel mortgage executed by Hoppe to Nicholas Henry to be void as against the creditors of Joseph Henry, and directs that the plaintiff have judgment for the relief demanded in the complaint and that he is entitled to all the property other than that included in the two mortgages to the defendant Nicholas Henry. This was for the benefit of the plaintiff, and there being no finding as to the alleged merger it is not apparent how the question can arise. The bill of sale to Nicholas Henry was not introduced in evidence, but is only referred to in the mortgage from Hoppe to Henry, and as the second chattel mortgage was given afterward and no possession taken under the bill of sale, it was clearly superseded by the chattel mortgage. Even if a merger existed, the subsequent act was a recognition of the mortgage security and reinstated and renewed it as it had previously existed. If any estoppel arose between the parties it was waived by the execution of the second chattel mortgage. It may also be doubted whether the doctrine of merger can be invoked by a creditor to defeat the existence of the lien which the mortgagee here has a right to claim for the protection of his demand.

Upon the trial the plaintiff was asked to state a conversation between himself and Joseph Henry at the time he proceeded as receiver to inventory the property and also with John Hoppe at a subsequent time when he asked him what right he, Hoppe, claimed, also another conversation with Joseph Henry, all of which evidence was objected to and excluded and excep-

tions taken. There was no offer to show what the conversation was or in what respect it was pertinent, and, therefore, it is not entirely apparent that it was relevant or had any bearing on the case. We also think that as the defendant's claim was under a chattel mortgage which had been filed under the statute, where the possession had not been changed, the declarations of the parties in possession could not bind him or affect his rights. Nor were they competent within the rule that where a combination of several persons for an illegal object is clearly established the acts and declarations of the parties in reference to the subject-matter of the combination is a part of the *res gestœ.*

The other questions in the case related to the facts, and they are not, therefore, the subject of review upon this appeal.

Most of the questions we have considered are not noticed in the brief submitted by the respondent's counsel or alluded to in the opinion of the General Term, and the record does not disclose that they were very distinctly presented upon the trial.

The judgment was right and should be affirmed.

All concur.

Judgment affirmed.