CROUSE *et al.* v. BAILEY, Sheriff.

*(Supreme Court, General Term, Fourth Department. April, 1890.)*

1. SHERIFFS AND CONSTABLES—FAILURE TO RETURN PROCESS.
   No action lies against a sheriff for failure to levy and return an execution within or at the expiration of the time limited for its levy, where it was retained by him for that time at the request of plaintiffs' attorney.

2. SAME—EVIDENCE.
   In an action against a sheriff for failure to levy and return an execution, where defendant pleads that the judgment was at the date thereof, and is yet, uncollectible, he may give evidence that the judgment debtor had no property subject to levy.

3. EXECUTION—LEVY AFTER RETURN-DAY.
   A sheriff cannot levy an execution after the return-day, though the execution plaintiff gives him an indemnity bond.

4. SAME.
   A return of an execution *nulla bona* is *prima facie* evidence that the debtor has no property subject to levy.

5. SAME—LEVY OF EXECUTION.
   Goods sold to a son cannot be seized on execution issued on a judgment obtained by the sellers against the father by mistake, for the price thereof.

   MERWIN, J., dissenting.

Appeal from judgment on report of referee.

Action by J. M. and Charles B. Crouse against Luman Bailey, sheriff of St. Lawrence county. Plaintiffs had recovered a judgment for $164.05 against William R. Fuller on January 26, 1886, which was docketed in St. Lawrence county, January 27, 1886. On the same day an execution was issued thereon, and placed in the hands of defendant, as sheriff of St. Lawrence county. In the first count of plaintiffs' complaint it is alleged that defendant "failed to return said execution, to the damage of these plaintiffs of $164.05, with interest thereon from January 26, 1886." In the second count it is alleged that "there was within said county of St. Lawrence personal property belonging to said William R. Fuller, to-wit, a stock of goods consisting of dry goods and groceries generally, in the possession and under the control of said Fuller, of which said defendant then and there had due notice, out of which the defendant might have made and satisfied said execution. Nevertheless, in violation of his duty as such sheriff, he failed and neglected to levy and make the moneys or any part thereof, as by said execution he was required to do." In the third count it is alleged that plaintiffs, on April 28, 1886, executed a bond of indemnity and delivered the same to the sheriff to save and keep him harmless, and indemnify him, and all persons aiding and assisting him, from trouble and damage by reason of a levy and sale under the execution, and that the sheriff "failed to levy the moneys, or any part thereof, as by said execution he was required to do." In the defendant's answer he sets up in mitigation of damages "that at the time of the recovery of the judgment described in the complaint, and ever since said time, and prior thereto, said William R. Fuller, the judgment debtor named in said judgment, was and is utterly insolvent and worthless, and said judgment is and was wholly uncollectible." The referee found

that plaintiffs were entitled to recover $197.25, and directed judgment for that amount. From the judgment entered on the report, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

V. P. Abbott, for appellant. George W. Adams, for respondents.

HARDIN, P. J. · In response to a request, the referee has found that no levy was made by the defendant, as sheriff, prior to April 28, 1886. As the execution was received by the sheriff on the 27th day of January, 1886, the 60 days in which to make a levy expired March 28, 1886. The referee has found "that the said defendant made no levy under the execution in his hands against the said defendant, and, at the request of the plaintiffs' attorney, retained the execution in his hands beyond the 60 days allowed by the terms of said execution." If the facts mentioned in the first count of the complaint, which are not denied, be assumed to be true, (Code Civil Proc. § 522,) as the retention of the execution for 60 days was "at the request of the plaintiffs' attorney," no action would lie for such failure to return within or at the expiration of the 60 days. In Smith v. Smith, 60 N. Y. 165, ALLEN, J., said: "The defendant was not liable for a neglect or omission of duty by himself or deputy in obedience to the directions, or with the assent, or by the authority of the plaintiffs." It is well settled that a sheriff cannot levy after the return-day of the execution. His right to levy must be exercised, if at all, during the life-time of the execution. Hathaway v. Howell, 54 N. Y. 98; Smith v. Smith, 60 N. Y. 164; Walker v. Henry, 85 N. Y. 134. As the bond of indemnity was not given until after the execution had run 60 days, and no levy was made within the 60 days, the sheriff upon receiving the bond could not levy or sell. The bond did not cast any fresh duty upon the sheriff, nor does it furnish any evidence of neglect of duty. In Jackson v. Daggett, 6 N. Y. St. Rep. 868, it was held that, where a bond of indemnity is given, the sheriff is not liable if he does not sell, provided he prove that the execution debtor has no title to property covered by the levy; but it is argued that it was the duty of the sheriff to levy within the life-time of the execution, and that, because he did not levy, he is liable. It is in proof, however, that the debtor was insolvent, and the defendant testified that he made an effort to find property "upon which to levy the execution, but could find none." Upon the trial it was proved that the execution was returned by the sheriff nulla bona. That return was prima facie evidence that the execution debtor had no property out of which the sheriff could make the execution. Bechstein v. Sammis, 10 Hun, 585. It was competent for the defendant to prove, under the pleadings, that the judgment debtor had no property upon which to levy the execution. Humphrey v. Hathorn, 24 Barb. 280. Plaintiff did not furnish sufficient testimony to overcome the evidence thus given by the defendant.

· The referee was asked to find and hold, as a matter of law, that the execution debtor "had no property out of which said execution could have been made." This was refused, and the defendant has excepted to such refusal. It seems the sheriff, on the 28th of January, 1886, held an execution against the son of William R. Fuller, and upon that he had made a levy, and he wrote to the plaintiffs' attorney, supposing that his levy was upon goods of the plaintiffs' debtor. In that supposition he was mistaken. Nothing appears in the evidence to indicate any bad faith on the part of the sheriff, or intention to mislead or deceive the plaintiffs, and there is not sufficient evidence to charge him with deceit or fraud practiced upon the plaintiffs or their attorneys. · If the son of the execution debtor was the purchaser of the plaintiffs' goods, and became indebted for them, and the plaintiffs, by mistake, obtained a judgment against the father for the debt, as suggested in the letter of plaintiffs' attorney, the plaintiffs could not, upon their execution against William R., seize and sell the goods of the son. Farnham v. Hildreth, 32 Barb. 277. It is not needful to determine whether the plaintiffs would be entitled to nom-

inal damages against the sheriff for not returning the execution as soon as the plaintiffs ceased to assent to its retention by the sheriff, as a determination of that question in their favor would not authorize them to retain the judgment for the damages given to them by the referee, which are equal to their judgment and the interest thereon.

The views we have already expressed lead irresistibly to the conclusion that there must be a reversal. Judgment reversed on the exceptions, and a new trial ordered before another referee, with costs to abide the event.

MARTIN, J., concurs. MERWIN, J., dissents.