MIKE GARRO, Plaintiff, *v.* REPUBLIC SHEET METAL WORKS, INC., Defendant.

Supreme Court, Special Term, Oneida County, April 9, 1954.

*Howard J. Blaugrund* for Mike Garro, judgment creditor.

*Irving S. Rokeach* for Gilbert and Knight Co., judgment creditor.

SULLIVAN, J. Upon an order to show cause, one of two judgment creditors seeks a preference, as provided in section 680 of the Civil Practice Act, to the payment of the proceeds of a sale under a levy upon the property of the same judgment debtor.

The two judgment creditors are not in accord with respect to the facts. However, it is undisputed that the moving party, the plaintiff herein, who will be designated the senior judgment creditor, procured a judgment in the Supreme Court of Oneida County, against Republic Sheet Metal Works, Inc., which was docketed and filed in the office of the clerk of that county, and an execution issued to the Sheriff on August 14, 1953. On August 20, 1953, Wolfe Gilbert and Michael E. Knight, doing business as Gilbert and Knight Co., who will be designated the junior judgment creditor, recovered a judgment against the same defendant in the City Court of Utica, Oneida County. This judgment was docketed, and an execution issued to the city marshal of that city on the same date. It is also undisputed that the Sheriff of Oneida County returned unsatisfied the execution of the senior judgment creditor on September 22, 1953.

Apparently, the senior judgment creditor was informed by the defendant, when the Sheriff attempted to make a levy on the office furniture and equipment of the defendant, that the city marshal had already levied on it.

The senior judgment creditor sets forth in his moving affidavit " that the Sheriff of Oneida County, by one of his Deputies, attempted a levy on the same office furniture and equipment belonging to the judgment-debtor on or about the 1st day of September, 1953, and was told that this equipment was already levied upon by the City Marshall, Guy Yocobelli, on August 25, 1953. That as a result of this information, the Deputy Sheriff was unable to make a levy.'' Whether or not the city marshal had taken possession of the property or had it in his possession at the time of the attempted levy by the Sheriff or his deputy does not appear in the moving papers of the senior judgment creditor.

The junior judgment creditor in its answering affidavit gives this version of the proceedings: that on the date of the issuance of the City Court execution, the city marshal attempted to levy on office equipment of the defendant, but defendant urged the

marshal to levy upon a station wagon instead. The marshal took possession of the station wagon. A third-party claim, under a chattel mortgage on the station wagon, was made by the First National Bank and Trust Company of Utica as mortgagee and it demanded that the vehicle be surrendered by the marshal. The attorney for the judgment creditor. in the City Court judgment determined from the records in the office of the Oneida County Clerk that the third-party claim was valid and he directed the marshal to surrender the station wagon.

On August 25, 1953, the marshal made a levy on the office equipment of the defendant under the City Court execution. Again, the marshal was served with a third-party claim by the bank under a new chattel mortgage which purported to cover the office equipment. A proceeding was commenced in the Utica City Court by the junior judgment creditor to determine the title to the office equipment. The jurisdiction of the City Court of Utica to entertain the proceeding was contested. The City Court held that it had jurisdiction. The question of title was heard on the merits and a decision was rendered by the City Court that the defendant was the holder of the title to the office equipment. An appeal to the Oneida County Court followed. While the appeal was pending, defendant moved the City Court of Utica to vacate the judgment of the junior judgment creditor, which was refused. An appeal from this decision was taken to the Oneida County Court. Sometime toward the end of the year 1953, the County Court dismissed both appeals. On January 2, 1954, the marshal sold the office equipment of the defendant under the City Court levy.

The senior judgment creditor probably took the position that, when he discovered that the levy had been made by the junior judgment creditor, all he had to do was await the sale under the City Court execution and levy and the subsequent application of the proceeds of the sale to his judgment as provided in section 680 of the Civil Practice Act. In this, the court believes that he was well within his rights, although it seems harsh to so rule against the junior judgment creditor in view of the fact that he was put to great trouble and expense in defending the marshal's interest under his execution.

However, he had to take the risk that some other creditor had rights prior to his own. (*Lopez* v. *Campbell*, 163 N. Y. 340.)

The marshal levied on the property under the junior execution prior to the return of the senior execution.

There is no doubt that an execution cannot be levied after the return date, nor after its return prior to the return date, unless for sufficient reasons, the return is cancelled. There is no doubt either that the lien of an execution delivered to a Sheriff is lost if no levy is made during the life of the execution. The cases so holding, however, such as *Walker* v. *Henry* (85 N. Y. 130) and *Rich* v. *New York White Line Tours* (266 App. Div. 752) did not involve an interpretation of section 680 of the Civil Practice Act. The first involved relative priorities of a chattel mortgagee and a creditor who had issued execution before the mortgage was filed but had made no levy within the life of the execution. The second case raised the question of the interest in property which such a nonlevying execution creditor might have. Neither case presented the question of priority of two execution creditors whose rights are governed by section 680.

The determination of the priorities of execution creditors would seem to depend upon the construction of section 680. That section clearly gives preference to the senior execution creditor in the case at bar unless his execution had become dormant, or unless his rights were affected by the return of his execution unsatisfied after the marshal had levied, or unless the section does not apply where executions are delivered to different officers. As to the first exception, I do not believe the senior execution had become dormant, since the creditor had done nothing to stay the Sheriff's hand. As to the second, the Sheriff's unwarranted return of the execution unsatisfied could not affect a lien acquired by virtue of a levy by the marshal. If section 680 applies to this situation at all, there was a levy under a junior execution which inured to the benefit of the senior execution which at that time had force in the Sheriff's hands. (*Peck* v. *Tiffany*, 2 N. Y. 451.)

If both executions had been delivered to the Sheriff there can be no doubt of that result, and this would be so, even though the sale took place after sixty days from delivery of the senior execution to the Sheriff. In such case the senior execution creditor would have the benefit of the levy under the junior execution. The Sheriff should not be permitted to interfere with the statutory preference by an intentional or mistaken return of the senior execution.

It might be argued that section 680 does not apply to a case in which the executions are not delivered to the same officer, that the words " the one first delivered to an officer " mean first delivered to " the same " officer, not to " any officer." That

would not seem to be the section's meaning. If it meant that, there would be no necessity for having section 682 of the Civil Practice Act. Then each officer holding an execution issued from a court of record or a court not of record would be free to compete for the first levy. Section 682 gives such a privilege to officers holding executions issued out of courts not of record, but, apart from that exception, the policy seems to be to prevent such competition. The words " an officer " seem to mean " any officer." It should be noted that, upon that construction, the junior execution creditor in the case at bar would have had priority if his execution had first been delivered to the marshal.

Search has been made to ascertain whether section 682 could be found to give priority to the junior execution creditor, even though the City Court of Utica was a court of record. It was thought that it might not have been a court of record when section 682 was enacted, but the Recorder's Court of the City of Utica, which was the present court's predecessor, was a court of record before the enactment of section 682.

This court has failed to find a decisive case, nor has one been submitted to it. The treatises do not express an opinion upon the question and the cases decided under the code sections which preceded sections 680 and 682 of the Civil Practice Act revealed no conclusive answer.

The relief sought is granted, and the plaintiff may take an order directing the marshal of the City of Utica to turn over to the plaintiff's attorney, the proceeds of the sale of the defendant's property on the levy under the senior judgment creditor's execution, less his statutory fees.