G. Robert Witmer, J.
Petitioner, Vance Boiler Works, Inc., obtained a judgment against Clyde Milling Corporation, debtor (note that a receiver was appointed for the debtor; but since he was also served at all necessary times, no further reference is made to him), in October, 1963, and on January 10,1964 delivered *655 to the Sheriff a personal property execution thereon which the Sheriff served upon the debtor on January 13,1964. Respondent Co-operative Feed Dealers, Inc., obtained a judgment against the debtor in November, 1963 and on January 11, 1964 it delivered a personal property execution thereon which the Sheriff served upon the debtor after serving petitioner’s execution. Respondent acknowledges that petitioner’s execution has priority over its 1964 execution. Although petitioner’s attorney has indicated that he does not accept the Sheriff’s statement that he took no property into his possession under petitioner’s execution, from the papers submitted such appears to be the case; and the court understands petitioner’s contention in this respect to be that although the Sheriff physically received no property under the execution, as a matter of law the service of petitioner’s execution gave petitioner a lien on the debtor’s personal property and it was hence technically in the Sheriff’s custody. If petitioner contends more than this in this respect, he is directed to make it known to the court before an order upon this decision is presented for signature, in which case the signing and entry of an order hereon will be stayed pending a determination of such question.
Nothing further was done with respect to said executions. In April, 1965 respondent delivered another property execution to said Sheriff which was served upon the debtor, and the Sheriff thereupon proceeded to advertise the debtor’s personal property for sale under said execution. Petitioner brings this proceeding for a determination that its execution of January, 1964 is still valid and has priority over respondent’s execution of April, 1965.
Insofar as the petitioner’s execution of January, 1964 may be held to relate to “ property not capable of delivery”, the levy became void 90 days after service of the execution was made upon the debtor or any debtor of the debtor, since petitioner did not obtain an extension of the effective time thereof. (CPLR 5232, subd. [a].; 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5232.14.)
Insofar as such execution may be held to relate to 1 ‘ property capable of delivery by taking the property into his [Sheriff’s] custody without interfering with the lawful possession of pledgees and lessees ” (CPLR 5232, subd. [b]), as to any property encompassed therein (sec 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5232.16-5232.20) the levy became void 60 days after service of the execution upon the debtor, since petitioner obtained no extension of the effective time thereof (CPLR 5230, subd. [c]; 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5230.25), and did not in fact take specific property into his *656 custody (Walker v. Henry, 85 N. Y. 130, 135; Hathaway v. Howell, 54 N. Y. 97; Bond v. Willett, 31 N. Y. 102; Roth v. Wells, 29 N. Y. 471, 485; 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5230.23, 5232.18).
The intent of the Legislature in enacting article 52 of the CPLR was “ to achieve the goal of a relatively simple, almost mechanical, statutory basis for determining priorities ”. (City of New York v. Panzirer, 23 A D 2d 158, 161; CPLR 5234, subd. [c]); and the particular intent of CPLR 5230 (subd. [c]) was to provide for enforced payment of judgments, not the creation of long-time liens (Excelsior Needle Co. v. Globe Cycle Works (48 App. Div. 304, 309) and “ to prevent an executing judgment creditor from securing a continuing lien and priority on the debtor’s property to the detriment of other judgment creditors.” (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5230.25.) The statute thus effectively prevents petitioner from lawfully asserting the present validity of its execution of January, 1964; and such execution and levy are declared void.