# Jackson *v.* The State.

*Indictment for Wanton Killing of Horse.*

1. *Admissibility of confessions as evidence.*—All confessions are *prima
facie* involuntary, and therefore inadmissible as evidence, and should
not be allowed to go to the jury at all, unless affirmatively shown to be
voluntary; and in determining their admissibility in the first instance,
before they are allowed to go to the jury, the court should receive and
hear any testimony offered by the defendant tending to show that.they
were not made voluntarily.

FROM the County Court of Hale.

Tried before the Hon. JAS. M. HOBSON.

The indictment in this case charged, in a single count, that
Bob Jackson and Willie Hopkins "did unlawfully or wan-
tonly kill a horse, the property of Jake Cowan." Jackson,
being on trial alone, pleaded not guilty, but was convicted,

VOL. LXXXIII.

[Jackson v. The State.]

and fined $300. On the trial, as the bill of exceptions states, Jake Cowan testified, as a witness for the State, that he had, on several occasions, found "Paris-green" in the trough in which he fed the horse, and, thinking that some one was attempting to poison the horse, placed the trough on a post in the centre of the stable; that hearing his dog bark, a few nights afterwards, he went out into the yard, and found the defendant holding the dog; "that he caught hold of the defendant, asked him what he was doing there, and called for help; that the defendant then and there made a confession," to the effect "that he was holding the dog while Willie Hopkins was putting Paris green in the trough to kill the horse;" that he made no promises, offered no reward or inducements, and made no threats whatever to induce said confession; that his horse was taken sick a few minutes afterwards, and died the next morning, being poisoned with Paris green. Said witness testified, also, that on the morning of the defendant's preliminary examination before a justice of the peace, before the trial commenced, the defendant "confessed to him that he held the dog for Willie Hopkins to go into the stable and put Paris green in the trough to poison the horse, and that said Hopkins had promised to give him ten dollars for doing so;" and the witness said, "that no threats were made, no promises, inducements or rewards offered, but said confession was voluntary." "Here the defendant's counsel stated to the court, that they were prepared to prove by witnesses, who had been sworn and put under the rule, that said confession was not voluntary—that the prosecutor promised defendant, if he would make said confession, that he should be released, and they would do nothing to him, and he would give him ten dollars; and that said defendant made said confession under the influence of these promises." The court refused to allow said evidence to be introduced, but stated that it might be introduced hereafter, and that the jury would be allowed to pass on the question whether said confession was voluntary, in view of all the evidence; to which ruling the defendant excepted," and also to the admission of said confession as evidence before the jury. The defendant's witnesses were afterwards introduced, and testified as above stated; and the defendant then moved the court, on all the evidence adduced, to exclude the confessions as evidence, which motion was overruled. The court instructed the jury, "that the testimony of said Jake Cowan made out a *prima facie* case that said confession was voluntary, and he had

therefore allowed it to go before the jury; but he had also allowed the testimony of the defendant's· witnesses to go before them, and instructed them to carefully consider the evidence on both sides, to decide whether said confession was voluntary, and, if in their judgment it was voluntary, to decide what weight or credibility they would give to it." To this charge, also, the defendant excepted.

COLEMAN & COLEMAN, for the appellant, cited *Bob v. State,* 32 Ala. 568; *Washington v. State,* 53 Ala. 29; *Redd v. State,* 69 Ala. 259; *Young v. State,* 68 Ala. 569.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The established doctrine in this State is, that all confessions are presumptively involuntary and inadmissible; and that it is incumbent on the State to show, *prima facie,* that a confession was freely and voluntarily made, before it can be admissible in evidence to the jury. The determination of this inquiry, as the determination in respect to the admissibility and competency of all evidence, lies within the province of the court. The inquiry, however, should not be determined on *ex-parte* evidence. Whenever the admissibility of any evidence depends on extraneous facts, both parties should be allowed to introduce proof as to such facts. In determining whether the confession proceeded from the volition of the accused, or from an influence improperly exerted, the judge should hear and determine the question of admissibility, not merely upon such showing as the prosecutor may deem proper to make, but also upon the proof which the defendant may introduce, in order that he may not be prejudiced by the admission of illegal evidence. After the prosecution has shown a *prima facie* case, it is the right of the accused to introduce testimony to rebut, and to show that the confession was not voluntarily made; and in determining whether a *prima facie* showing of a voluntary confession is made, the court should consider the testimony introduced by both parties. *Rufer v. State.* 25 Ohio St. 464; *People v. Soto,* 49 Cal. 67.

The error in refusing to allow the defendant to introduce proof that the confession made at the time of the preliminary examination was not voluntary, but was induced by promises of release and reward, is not cured by allowing such evidence to be subsequently admitted to the jury. It is true, that if the jury are not satisfied, in view of all the

evidence, including the facts and circumstances of the confession, that it was free and voluntary, they may reject it as wanting in credibility; but they can not review or disregard the determination of the court as to its admissibility. *Redd v. State*, 69 Ala. 255; *Young v. State*, 68 Ala. 569. The prejudice to the defendant consists in admitting to the jury evidence, which may have been shown to be inadmissible if the court had allowed the opportunity, but which they are bound to regard.

Reversed and remanded.

