(78 South. 306)

COOK v. STATE. (6 Div. 371.)

(Court of Appeals of Alabama. March 12, 1918.)

1. CRIMINAL LAW ⬅➡531(1) — EVIDENCE — CONFESSIONS.

Extrajudicial confessions by one accused of crime are prima facie involuntary, and the burden rests on the state to overcome the prima facie infirmity by evidence satisfactory to the court, showing the confession was voluntary.

2. CRIMINAL LAW ⬅➡532(3)—EVIDENCE—CONFESSIONS.

Before permitting a confession to be shown, the court should ascertain that it is voluntary.

3. CRIMINAL LAW ⬅➡531(4)—EVIDENCE—CONFESSIONS.

It is the right of accused before a confession is received to rebut evidence that it was voluntary, and in determining competency of the confession, the court should consider, not only evidence offered by the prosecution, but also evidence elicited by the accused, and it is reversible error to refuse accused the right to show that it was involuntary.

4. CRIMINAL LAW ⬅➡1158(4)—REVIEW—EVIDENCE—CONFESSIONS.

Where the evidence is conflicting, and the court adjudges a confession voluntary and admissible, its finding is entitled to great weight, and will not be disturbed, unless palpably contrary to the weight of evidence.

5. CRIMINAL LAW ⬅➡531(2)—EVIDENCE—CONFESSIONS.

If a confession is admitted, accused is entitled to have the jury consider all the evidence of circumstances under which it was made, to aid them in determining what credence and weight should be given to it, along with other evidence.

6. CRIMINAL LAW ⬅➡531(1) — EVIDENCE — CONFESSIONS.

In absence of evidence that influence rendering a prior confession involuntary had ceased or been dispelled, the court must assume that a subsequent confession, made in presence of persons shown to have induced the prior confession by threats and abuse, was impelled by the same influence, and exclude it as also involuntary.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Sefe Cook, alias, etc., was convicted of burglary and grand larceny, and he appeals. Reversed and remanded.

Leith & Powell, of Jasper, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. The state offered evidence showing that on the night of October 6, 1916, the building occupied and used by Clyde Thompson and Jerry Maxey as a shop for cleaning and pressing clothes, and in which clothes were kept for such purpose, was broken into and entered, and that clothes of the value of $175 were taken therefrom. The breaking and entry was through the back door, which the undisputed evidence shows was closed and barred by the witness Maxey, on the night of the burglary, and the next morning the door was standing open, and several suits of clothes and one or more dresses were missing. The state also offered evidence tending to connect the defendant and one Pete Moore with the offense, and to show that they were confederates in the crime. The court allowed the state, over the timely objection of the defendant, to offer evidence of a confession made by Moore in the presence of the defendant to the witness Guttery while Williams, the sheriff of Conecuh county, Kendall, his deputy, and another were present. The only predicate on which the confession was admitted was the testimony of Guttery to the effect that he offered Moore no inducements and made him no promises, and made against him no threats. Before the testimony of the confession was given, the

defendant objected to its admission, and proposed to show that a week or ten days before this alleged confession was made Williams and Kendall and the other person present, by abuse and threats, coerced from Moore in defendant's presence a like confession. The court refused to hear this testimony, overruled the defendant's objection, and permitted the state to offer proof of the confession. After the state offered all its evidence in chief and had closed, the defendant testified as a witness and gave testimony to the effect that Williams, Kendall, and the other person present, when Moore made the confession to Guttery, a few days before Guttery came to Evergreen and while the defendant and Moore were confined in the county jail of Conecuh county, under the charge for which the defendant was tried, in the presence and hearing of defendant, put a rope around Moore's neck and pulled him up as if they were going to hang him, and threatened to kill him unless he confessed to the crime, and threatened the defendant if he disputed Moore's confession, and in this way obtained a confession from Moore. The testimony given by defendant in rebuttal of the predicate on which the confession was made was undisputed, and at the conclusion of all the testimony in the case the defendant made a motion to exclude the testimony given by Guttery relative to the confession, and this motion was overruled.

[1] The rule in this state is that extrajudicial confessions of guilt by one accused of crime are prima facie involuntary, and the burden rests upon the state to overcome the prima facie infirmity by evidence satisfactory to the court, showing that the confession was voluntarily made. Fortner v. State, 12 Ala. App. 181, 67 South. 720; Price v. State, 117 Ala. 113, 23 South. 691; Whatley v. State, 144 Ala. 68, 39 South. 1014; Beckham v. State, 100 Ala. 15, 14 South. 859; Redd v. State, 69 Ala. 255; Young v. State, 68 Ala. 569.

[2] As expressed by some of the authorities:

"It is the duty of the trial court, in all cases, before permitting such confessions to be shown, 'to ascertain that they are voluntary." Fortner v. State, supra; Whatley v. State, supra.

"The province and duty of the court and of the jury are essentially separate and distinct, and neither can assume the duty or invade the province of the other. The court adjudged the confessions were prima facie voluntary, and therefore competent and admissible evidence. As competent * * * the jury were bound to receive them" (Young v. State, 68 Ala. 580), but as to what weight the confession is entitled to in solving the issues is a matter exclusively within the province of the jury.

"So when a confession has been once obtained through the influence of hope or fear, confessions of a similar character, subsequently made, as is uniformly held, may be inferred to have originated from the same motive, and, in the absence of evidence to the contrary, showing that the original influence had ceased, or been dispelled, they are inadmissible." Redd v. State, 69 Ala. 255.

[3] It is the right of the accused, before the confession is received, to rebut the evidence offered by the prosecution to show that the confession was voluntary, and it is the duty of the court in determining the competency of the confession, not only to consider the evidence offered by the prosecution, but the evidence elicited by the accused, and for the court to refuse to the accused the right to show that the confession was involuntary is reversible error. Underhill Cr. Ev. § 127; Commonwealth v. Culver, 126 Mass. 464; People v. Rogers, 192 N. Y. 345, 85 N. E. 135, 15 Ann. Cas. 177; Biscoe v. State, 67 Md. 8, 8 Atl. 571; Rufer v. State, 25 Ohio St. 464, 18 L. R. A. (N. S.) 777, note.

[4] Where the evidence is conflicting, and the court adjudges that the confession was voluntary and admissible, on review the finding of the court is entitled to great weight, and will not be disturbed unless it is palpably contrary to the weight of the evidence. See Harwell v. State, 12 Ala. App. 265, 68 South. 500; Pope v. State, 183 Ala. 61, 63 South. 71.

[5] If the confession is admitted, the accused is entitled to have the jury consider all the evidence touching the circumstances under which it was made, to aid them in determining what credence and weight should be given to it, along with the other evidence in the case.

[6] We are of the opinion, therefore, that the court committed reversible error in this case in refusing to hear the defendant's proposed evidence touching the predicate for allowing the confession, and also in overruling the motion to exclude the alleged confession. As we have said, the defendant's testimony as to the fact of the first confession being induced by threats and abuse, under circumstances showing conclusively that it was not voluntary, and by those present when the confession was made to the witness Guttery, and there was no evidence showing that the influence under which the first confession was made had ceased or been dispelled, the court must assume, in the absence of such evidence, that the subsequent confession was impelled by the same influence.

Reversed and remanded.