70 So.2d 624 .

## WHITE v. STATE.

### I Div. 543.

Supreme Court of Alabama.

Feb. 25, 1954.

Irvin J. Langford and Herndon H. Wilson, Mobile, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

MERRILL, Justice.

James White was convicted of murder in the first degree and sentenced to death by electrocution. His appeal here is under the automatic appeal statute. Code of 1940, Title 15, § 382 (1) et seq. He was charged

in separate counts with killing Robert Cockrell by striking him with an iron pipe or with a blunt instrument.

A discussion of the evidence would serve no useful purpose since we have reached the conclusion that the case must be retried.

█ The pivotal question is whether the trial court erred in not allowing the defendant to take the stand before his written confession was introduced in evidence, to show by affirmative evidence that the confession was not voluntary and had been secured by threats and actual violence. It is settled in this state that the accused may, before confessions are admitted in evidence, cross examine a witness for the State as to their voluntary character and offer outside evidence on *voir dire* in contradiction of that produced by the State. Peoples v. State, 256 Ala. 612, 56 So.2d 665. The principle is stated in Vernon v. State, 239 Ala. 593, 196 So. 96, 100, as follows:

> "Extrajudicial confessions of guilt by an accused on trial for crime are prima facie involuntary, and the burden rests upon the state to overcome this prima facie infirmity by evidence satisfactory to the court trying the case that the confession was voluntarily made, before such confession can be received in evidence. It is the right of the accused to controvert evidence offered in laying such predicate by cross-examination, or by evidence aliunde, but such countervailing evidence impeaching the predicate to be successful must be offered on the voir dire, before the confession is admitted. Lockett v. State, 218 Ala. 40, 117 So. 457; Cook v. State, 16 Ala.App. 390, 78 So. 306; Pope v. State, 183 Ala. 61, 63 So. 71; Jackson v. State, 83 Ala. 76, 3 So. 847.

> "If such countervailing evidence is not offered until after the preliminary question of the admissibility of the confession is passed on by the court it goes to the jury on the credibility of the confession only. Lockett v. State, supra; Cook v. State, supra."

█ The duty of determining the voluntariness vel non of the confession was addressed to the trial court, Dennison v. State, 259 Ala. 424, 66 So.2d 552, and as stated in Phillips v. State, 248 Ala. 510, 28 So.2d 542, 550, "The admissibility of confessions is for the court, their credibility for the jury." In the case at bar the predicate had been correctly laid that the confession was voluntary, but the court did not allow the defendant to offer affirmative testimony by the defendant himself at that stage of the trial to show that the confession was involuntary. In this ruling the court erred and the defendant properly reserved exceptions to the ruling and made the proper motions which were acted upon adversely.

█ The case of Jackson v. State, 83 Ala. 76, 3 So. 847, is directly in point with the entire opinion devoted to the single question. That case may be summarized as holding,

> "All confessions are prima facie involuntary, and therefore inadmissible as evidence, and should not be allowed to go to the jury at all, unless affirmatively shown to be voluntary; and in determining their admissibility in the first instance, before they are allowed to go to the jury, the court should receive and hear any testimony offered by the defendant tending to show that they were not made voluntarily."

See also Burns v. State, 226 Ala. 117, 145 So. 436; McGuire v. State, 239 Ala. 315, 194 So. 815. We do not have present in the instant case those elements which distinguished the holding in McGuire v. State, supra, from Jackson v. State, supra. Here there was a bona fide offer of the defendant himself as a witness.

In view of the foregoing the case should be retried and the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and CLAYTON, JJ., concur.