174 So.2d 795

**John W. TAYLOR**

v.

**STATE.**

**I Div. 26.**

Court of Appeals of Alabama.

May 4, 1965.

Thos. M. Haas, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant was convicted in the Circuit Court of Clarke County of burglary in the second degree. His punishment was fixed at six years imprisonment in the penitentiary. He appeals from the judgment of conviction.

Appellant was charged with burglarizing a supply store in Jackson, Alabama, on the night of June 29, 1964.

The owner of the supply store, Mr. W. W. Andrews, was the first witness for the State. He did not witness the burglary, but testified to the condition of the store and stated that approximately $17,500.00 in cash and checks was taken from the safe in the store.

The next two witnesses called by the State were Anna Mae Stanley and Charles Lawley, who allegedly were accomplices and who were charged with committing the same offense as appellant. Their testimony tended to show that appellant participated in the burglary of the supply store in Jackson on the night in question.

Hybard Paul, the Sheriff of Clarke County, was the fourth and last witness called by the State. He testified that appellant made a statement to him concerning the burglary of the supply store in Jackson, and that such statement was given voluntarily, without any reward or hope of reward, and without any threats or inducements. Sheriff Paul was then asked what statement the appellant made, and appellant's counsel interposed with a request "to take the witness on voir dire outside the presence of the jury," which was granted. On voir dire, the witness testified that the appellant made a statement to him while under arrest in a jail cell, and that the only persons present when the statement was made were the appellant and the witness. After attempting to show in a

lengthy voir dire examination of Sheriff Paul that appellant's statement was involuntary, counsel indicated that he had nothing further to ask the witness, Paul, but stated that he had "other witnesses on voir dire." The trial judge replied, "I will hear from you when you put on your case," to which counsel replied, "I except to the Court's ruling not allowing me to put on other witnesses on voir dire at this time." The jury was recalled, and, over appellant's objection on the ground that he was restricted on voir dire, Sheriff Paul was allowed to testify that appellant confessed to him that he was "in on the burglary" of the supply store in Jackson.

Counsel contends that the trial court erred by refusing to allow appellant to introduce other witnesses on voir dire before the confession was admitted, for the purpose of going into the admissibility of the confession. We agree.

The confession of an accused in a criminal case is prima facie involuntary, and therefore inadmissible unless affirmatively shown by the prosecution to have been made voluntarily; and admissibility of the confession is determined by the trial court. Phillips v. State, 248 Ala. 510, 28 So.2d 542.

Before the voluntariness of the confession is determined by the trial court, the court should receive and hear any testimony offered by the accused tending to show that the confession was not made voluntarily. Jackson v. State, 83 Ala. 76, 3 So. 847; White v. State, 260 Ala. 328, 70 So.2d 624, and the accused should be given the opportunity to present such testimony on voir dire, in the absence of the jury. See United States v. Carignan, 342 U.S. 36, 38, 72 S.Ct. 97, 96 L.Ed. 48; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Rudolph v. Holman, D.C., 236 F.Supp. 62.

Here, when appellant's counsel indicated that he had completed the voir dire examination of Sheriff Paul and stated that he had other witnesses on voir dire, the trial judge, by his ruling, to which counsel excepted, precluded any opportunity for appellant to put on other witnesses in the absence of the jury for the purpose of showing that his confession was not voluntary. This was error for which the judgment must be

Reversed and remanded.

PRICE, P. J., not sitting.