195 So.2d 521

**Ardell HARRIS**

v.

**STATE of Alabama.**

1 Div. 373.

Supreme Court of Alabama.

Feb. 16, 1967.

Irving Silver, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This is an appeal from a judgment of the Circuit Court of Mobile County, where the defendant was convicted by a jury on April 6, 1966 of robbery and sentenced by the court to twenty-five years imprisonment in the State Penitentiary.

The defendant, an eighteen year old Negro, was arrested in Prichard, Alabama, at approximately 2:30 A.M. on August 12, 1965, while in the suspected commission of a burglary. He was immediately taken to the Prichard Jail where he readily admitted complicity in the burglary. Thereafter he was held incommunicado at the jail for three days during which time he was questioned relative to the unsolved robbery of one Ida Hannon which had occurred on April 6, 1965. The interrogation of the prisoner was conducted intermittent-

ly by Detectives Gilbert and Rigsby of the Prichard Police Force. On the third day of his detention, the defendant signed a statement confessing that he and another had committed the robbery of Ida Hannon. The instant appeal is from his conviction of that robbery.

Upon the trial of the accused, the State sought to introduce his written confession into evidence. At the proper time, the trial judge had the jury retire to the jury room and a voir dire examination of Detective Gilbert was commenced by the prosecution. Gilbert testified that he apprized the prisoner of his right to remain silent and of his right to be represented by an attorney. He further testified that Detective Rigsby was the only other person present during the interrogation and that neither of them threatened or physically abused the defendant; that neither of them offered him any promise of reward or hope of immunity; that the accused freely admitted to the robbery and signed an inculpatory paper in question and answer form.

After the cross-examination of Gilbert, the State rested its voir dire, and the defendant took the stand. He testified that he was beaten by the two detectives during his detention; that a telephone book was placed on his head and a scotch tape dispenser, some 8 inches long, was used to strike the telephone book as it rested on his head; that while this was taking place, the other detective was hitting him on the kneecap with a rather large padlock.

While this examination was proceeding, to the extent that it occupies approximately 7 pages of the record, the trial judge interrupted and said:

"THE COURT: Now, I will tell y'all about this thing right now. I think the confession would make out a prima facie case, the admissibility of the confession. I think the examination here in the matter, if you are going to pursue it, pursue it before the jury, because I don't believe it. I might as well say that I

don't believe it. I don't believe in harboring it; the jury may believe it. What I am trying to say is this: I have to pass on the credibility and the truth of what this witness says and I am saying right now, again, that I don't believe it. Now the jury may believe it. And in order that this matter not go on and take all the afternoon before me, because I am going to let the confession in. I don't believe this man out here would have treated any human being in such a fashion. I have a right to express that, because I am sitting as a jury and passing on it. Call the jury in and go ahead with the trial of this case and then if the confession is tendered and if he lays the predicate for it—I just wanted to know the prima facie case about it—and then if the confession is admitted into evidence, then this the Court will not express any comment on. It is a matter for the jury to believe and attach such credibility and such weight as they want to to it in the light of the testimony that is said. Now that is the way I feel about the law in the case and I grant you an exception to the Court's ruling on the admissibility of the confession. Call in the jury."

Counsel for the accused objected to his not being allowed to complete the examination. The jurors returned to take their seats in the jury box, and the trial proceeded.

The question presented for our decision is whether it is reversible error for a trial judge to cut off an accused and refuse to hear his testimony on voir dire examination when the accused is attempting to show that a confession was illegally obtained from him.

 We hold that prejudicial error was committed when the defendant's testimony was halted by the trial court before it had been completed. We quote from the old case of Bonner v. State, 55 Ala. 242, wherein the law pertaining to the procedure to be followed in determining the admissibility of a confession is accurately set forth:

"In that jealous care which the law exercises at all times in protection of life and liberty; in the tender regard it pays to human weakness and frailty, it is laid down as one of the cardinal rules of evidence, that confessions of guilt shall not be received against a prisoner, until it is first affirmatively shown that they were made voluntarily. They are prima facie inadmissible, and the onus rests on the prosecution to repel the imputation of undue influence. Any inducement of profit, benefit, or melioration held out; any threat of violence, injury, increased rigor of confinement, or any other menace which can inspire alarm, dread, or the slightest fear, is enough to exclude the confession, as not voluntarily made. The law cannot measure the strength of human fortitude or will to resist importunity, persuasion, or proffered alleviation, on the one hand, or threats, no matter how slight, on the other. Hence, to justify their admission, confessions must be voluntary in fact.

"And the question, whether confessions were voluntarily made or not, is one of law, to be decided by the court, and not one of fact for decision by the jury. When such testimony is offered, preliminary proof should first be made, showing the circumstances under which the alleged confession was made; and when desired by either party, the court, before admitting the evidence, should hear the testimony offered on each side, and from it determine whether the testimony establishes the fact that the confession was voluntarily made. * * *"

See also Duncan v. State, 278 Ala. 145, 176 So.2d 840; Sanders v. State, 278 Ala. 453, 179 So.2d 35; White v. State, 260 Ala. 328, 70 So.2d 624; Logan v. State, 251 Ala. 441, 37 So.2d 753; Taylor v. State, 42 Ala.App. 634, 174 So.2d 795.

 When the trial court has determined the voluntariness of the alleged confession, such holding is entitled to great weight on appeal and will not be disturbed

unless it appears to be contrary to the great weight of evidence and manifestly wrong. Bonner v. State, 55 Ala. 242; Phillips v. State, 248 Ala. 510, 28 So.2d 542.

A trial court should receive and hear any pertinent testimony offered by the accused tending to show that the confession was not voluntarily made. Taylor v. State, 42 Ala.App. 634, 174 So.2d 795; White v. State, 260 Ala. 328, 70 So.2d 624.

The defendant was entitled to tell his story to the judge, regardless of how bizarre, farfetched or unbelievable the judge might regard it. There could have been something which he might have said later that would have caused the court to doubt the voluntariness of the confession. But when his testimony was halted and he was not permitted to continue, the error in cutting off his evidence was prejudicial error.

One of the reasons is that of judicial review. As already stated, the question of the voluntariness of a confession is a question of law arising out of the particular facts to be decided by the trial court. That question of law is subject to review by the appellate courts. Thus, when the defendant was not allowed to continue his testimony on the subject because the trial court did not believe what he had said up to the point of the cut off, we, like the trial court, did not and could not have defendant's full account of the circumstances surrounding the securing of the confession.

We call attention to a statement in Sims v. State of Georgia, 385 U.S. ——, 87 S.Ct. 639, 17 L.Ed.2d 593, decided January 23, 1967, where it was said: " * * * A constitutional rule was laid down in that case (Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908) that a jury is not to hear of a confession unless and until the trial judge has determined that it was freely and voluntarily given. The rule allows the jury, if it so chooses, to give absolutely no weight to the confession in determining the guilt or innocence of the defendant but it is not for the jury to make the primary determination of voluntariness. Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. * * *"

The main thrust of the defendant's argument in brief is that his confession was inadmissible under the doctrine of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. But there is nothing in the record to indicate that the accused requested an attorney prior to making his inculpatory statements; therefore, Escobedo is not applicable. Nor is Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, applicable since the trial of the instant case was completed on April 6, 1966. These same questions were decided in Clark v. State, 280 Ala. 493, 195 So.2d 786.

For the error pointed out above in refusing to permit the defendant to complete his testimony on voir dire examination, the judgment must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.