202 So.2d 555

**Willie Lawrence ISBELL**

v.

**STATE.**

**7 Div. 838.**

Court of Appeals of Alabama.

Aug. 29, 1967.

Frank B. Embry, Pell City, for appellant.

**70**

MacDonald Gallion, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of murder in the second degree. His punishment was fixed at twenty years in the penitentiary.

 On the trial, at a hearing held out of the presence of the jury to determine the voluntariness of defendant's confession, the trial court refused to permit the defendant to testify to the facts and circumstances surrounding the giving of the confession, without subjecting himself to cross examination "as to all the facts of the case." This was reversible error. Duncan v. State, 278 Ala. 145, 176 So.2d 840; Boulden v. State, 278 Ala. 437, 179 So.2d 20. See also Taylor v. State, 42 Ala.App. 634, 174 So.2d 795.

Another matter, while not before us for review, merits discussion because of the possibility of another trial. The rule in this state is that extra-judicial confessions of guilt by one accused of crime are prima facie involuntary. The burden is on the state to overcome the prima facie infirmity by evidence satisfactory to the court showing the confession was voluntary. Vernon v. State, 239 Ala. 593, 196 So. 96. Whether or not the confession was voluntarily made is a question for the trial judge. Godau v. State, 179 Ala. 27, 60 So. 908.

Once the court has determined the confession is voluntary and admits it in evidence, the defendant has a right to have the jury consider all the evidence which was given before the trial judge regarding the manner in which it was obtained for the purpose of determining its weight and value as evidence. Duncan v. State, supra; Godau v. State, supra; Brister v. State, 26 Ala. 107; Cook v. State, 16 Ala. App. 390, 78 So. 306; Blackburn v. State, 38 Ala.App. 143, 88 So.2d 199, cert. denied, 264 Ala. 694, 88 So.2d 205, vacated and remanded on another point, Blackburn v. State of Ala., 354 U.S. 393, 77 S.Ct. 1098, 1 L.Ed.2d 1423; Johnson v. State, 242 Ala. 278, 5 So.2d 632.

Here, after the court had determined the confession was voluntary it was introduced in evidence without testimony having been presented to the jury touching the circumstances surrounding the taking of the confession.

Reversed and remanded.