209 So.2d 854

**Woodrow William THEILE**

v.

**STATE.**

1 Div. 289.

Court of Appeals of Alabama.

April 16, 1968.

Matranga, Hess & Sullivan, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Baldwin County, Alabama, for the offense of burglary in the second degree. After entering a plea of not guilty, he was tried by a jury, found guilty, and sentenced to a term of ten years in the penitentiary. From this judgment of conviction, this appeal is made.

Mrs. C. P. McMullins, the State's first witness, testified that it was her home which was burglarized; that she was not present when the burglary occurred; and that a television set was taken from said home while she was away shopping.

Mr. Tom Dees of the Mobile County Sheriff's Department testified to searching a residence, allegedly that of appellant, and finding a television set.

State's witness, Lt. Bob Granger of the Alabama State Troopers, testified on direct examination to receiving both an oral and a written statement from appellant confessing to the burglary. In reviewing the record, we find that upon Granger's testifying to the voluntariness of the statements made by appellant, the following occurred:

"Q. What did he tell you?

"MR. HESS: Object and ask to take the witness on voir dire examination.

"THE COURT: I'm going to deny that.

"MR. HESS: Except.

"A. He told us that was a house him and Jimmy Buckles broke into."

In Lokos v. State, 278 Ala. 586, 179 So.2d 714, the Supreme Court of Alabama stated in part as follows:

"It is settled in this state that the accused may, before confessions are admitted in evidence, cross-examine a witness for the State as to their voluntary character and offer outside evidence on *voir dire* in contradiction of that produced by the State. Peoples v. State, 256 Ala. 612, 56 So.2d 665; White v. State, supra. It is the right of the accused to controvert evidence in laying such predicate by cross-examination, or by evidence *aliunde,* but such countervailing evidence impeaching the predicate to be successful must be

offered on the voir dire, before the confession is admitted. Lockett v. State, 218 Ala. 40, 117 So. 457; Cook v. State, 16 Ala.App. 390, 78 So. 306; Pope v. State, 183 Ala. 61, 63 So. 71; Jackson v. State, 83 Ala. 76, 3 So. 847."

In the case at bar, the witness testified to the voluntariness of the statement made by appellant as to which house appellant entered. It was reversible error for the trial court to deny defense counsel opportunity to cross-examine the witness on voir dire with reference to circumstances surrounding the purported extra-judicial confession for the purpose of determining whether or not it was voluntarily made. Young v. State, 41 Ala. App. 284, 130 So.2d 249; Vernon v. State, 239 Ala. 593, 196 So. 96, 100. See also Smith v. State, Ala. 210 So.2d 826 (1968); Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593; Harris v. State, 280 Ala. 468, 195 So.2d 521; Duncan v. State, 278 Ala. 145, 163, 176 So.2d 840.

As the judgment in this cause is to be reversed, we withhold consideration of other questions raised on this appeal.

The judgment in this cause is hereby reversed and the cause remanded.

Reversed and remanded.