304 So.2d 232

**Johnnie Frank LLOYD, alias**

v.

**STATE.**

**5 Div. 215.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

Robert J. Hooton, Roanoke, for appellant.

William J. Baxley, Atty. Gen., and Leon Ashford, Asst. Atty. Gen., for the state.

SCRUGGS, Circuit Judge.[1]

On his first trial, the defendant was convicted of murder in the first degree and punishment was fixed at life imprisonment. Upon appeal to this court, his conviction was reversed and the cause was remanded. Lloyd v. State, 50 Ala.App. 646, 282 So.2d 85. The reversal was based upon the insufficiency of the evidence as to the guilt of the appellant.

On September 26, 1973, the defendant was re-tried. He was found guilty of murder in the second degree, and the jury established punishment at imprisonment in the penitentiary for twenty-five years.

Except as specified below, the witnesses in the second trial, with minor variations, testified substantially as they had testified during the first trial. We will, therefore, not lengthen this decision by a re-hash of the testimony.

Additional evidence was elicited from a witness identified in the first trial as being Alva Landrum but whose name on the second trial appeared as Avery Landreau. His additional testimony, in substance, was that when the defendant came to the witness's home that morning, the defendant acted as if he was in a hurry and "sort of worried about something." When the defendant was paying the witness for providing a ride for the defendant to LaFayette, the defendant attempted to pay with two one-dollar bills and some change. The defendant dropped some of the change upon the ground and did not pick it up. The defendant put the two bills back in his pocket and pulled out a "little roll" of bills, removed a five-dollar bill therefrom, paid the witness, and received two dollars back in change. The witness was unable to determine the denomination of the money contained in the roll.

1. July 2, 1974, pursuant to § 6.10 of the Judicial Article, Amendment No. 328 of the Constitution the Chief Justice assigned to this Court Honorable Edward N. Scruggs, Judge of the 27th Judicial Circuit, for temporary service.

Additionally, a Deputy Sheriff, Johnny Walker, testified that his position with the Chambers County Sheriff's Department is that of investigator and that he was so employed on the day in September, 1972, when the defendant was tried for the murder of Luther Letlow, and, after the trial when he was escorting the defendant back to jail, the defendant made a statement. The jury was excused, and the witness testified on voir dire before the court that while he was en route with the defendant to the jail descending the stairs of the courthouse, and without any reward or hope of reward or inducement to the defendant to make a statement, the defendant, in a louder than normal voice, suddenly blurted out without being questioned, "I done killed me one White son-of-a bith (sic) and I'm going to get me some more."

On cross-examination, the deputy could not remember the time of the day other than he thought it was in the afternoon. No one else from the Sheriff's Department was with him at the time. The following then occurred:

"Q. Well, any, any other deputies bringing somebody along with him?

"A. Mr. Hooton, I had him in my custody carrying him back to the jail and---

"Q. ---that's what I'm asking you.

"THE COURT: All right. I think that's enough Mr. Hooton---

"MR. HOOTON: ---I'd like to go into the question of---

"THE COURT: You'll have opportunity to examine him further, cross examine him further. We have to go all over this again. The Court thinks that this was voluntarily made and the Court rules it is and it should go to the Jury.

"MR. HOOTON: If the Court please---

"THE COURT: ---let the Jury come out.

"MR. HOOTON: If the Court please, I object on the grounds I was not allowed to properly cross examine Johnny Walker on voir dire and I reserve an exception to that.

"THE COURT: You can have the exception. Bring the Jury out.

(Thereupon the Jury returned to the Courtroom at 2:55 P.M. and the trial continued as follows in the presence of the Jury.)

"THE COURT: All right, proceed, Mr. Wallace.

(Mr. Wallace thereupon continued his direct examination of the witness.)

"Q. Mr. Walker, you said after the defendant Johnny Frank Popcorn Lloyd had been tried and convicted for the murder of Luther Letlow and whil (sic) you were en route with the defendant to the jail---

"MR. HOOTON: If the Court please, I move for a mistrial. He's stating a fact that's not in evidence that this defendant was tried and convicted of the death of Luther Letlow. I ask for a mistrial on those grounds.

"THE COURT: Overruled.

"MR. HOOTON: Reserve it, I certainly do."

On appeal, the defendant claims prejudicial error in six areas, but it will not be necessary that all of these areas be adjudicated at this time.

The defendant first contends that the trial court should have excluded the evidence upon the defendant's motion made at the conclusion of the State's evidence. While the evidence was inadequate on the first trial, we hold that the evidence was sufficient upon the second trial of this cause because of the additional testimony

of the two witnesses above designated. In Finney v. State, 10 Ala.App. 39, 65 So. 93, it was stated as follows:

"The record presents an unusual case. . . . the circumstances connecting the defendant with the commission of the crime as set out in the bill of exceptions, that purports to contain all of the evidence, if not properly characterized as weak and lacking in force and effect to lead the unbiased mind to a conclusion of guilt beyond a reasonable doubt, in face of the positive testimony of the decedent's wife, are certainly not of such cogent force as to be impelling or impressive of the defendant's guilt of the crime charged against him. Yet they are sufficient to require a submission of that question to the jury, and the court was not in error in refusing the general charge requested by the defendant.

"The general charge in favor of the defendant is properly refused, if there is any evidence tending to show or affording an inference of guilt. Turner v. State, 97 Ala. 57, 12 So. 54; Hargrove v. State, 147 Ala. 97, 41 So. 972, 119 Am.St.Rep. 60, 10 Ann.Cas. 1126."

■ On defendant's second trial, the evidence was sufficient to afford inferences adverse to the innocence of the defendant. This justified overruling defendant's motion to exclude the evidence. Alford v. State, 30 Ala.App. 590, 10 So.2d 370; certiorari denied, Alford v. State, 243 Ala. 404, 10 So.2d 373.

■ The second contention of the defendant is that the trial court erred in refusing to permit the defendant to further cross-examine the witness, Johnny Walker, on voir dire. While any trial court has the right to limit cross-examination which is repetitious or illegal or inadmissible, a trial court does not have the right to summarily cut off cross-examination. In Harris v. State, 280 Ala. 468, 195 So.2d 521, the trial judge interrupted the defendant's testimony

on voir dire with regard to the admissibility of a confession, and the Supreme Court of Alabama held that same was error and reversed the case stating as follows:

"A trial court should receive and hear any pertinent testimony offered by the accused tending to show that the confession was not voluntarily made. Taylor v. State, 42 Ala.App. 634, 174 So.2d 795; White v. State, 260 Ala. 328, 70 So.2d 624.

"The defendant was entitled to tell his story to the judge, regardless of how bizarre, farfetched or unbelievable the judge might regard it. There could have been something which he might have said later that would have caused the court to doubt the voluntariness of the confession. But when his testimony was halted and he was not permitted to continue, the error in cutting off his evidence was prejudicial error.

"One of the reasons is that of judicial review. As already stated, the question of the voluntariness of a confession is a question of law arising out of the particular facts to be decided by the trial court. That question of law is subject to review by the appellate courts. Thus, when the defendant was not allowed to continue his testimony on the subject because the trial court did not believe what he had said up to the point of the cut off, we, like the trial court, did not and could not have defendant's full account of the circumstances surrounding the securing of the confession."

■ The trial court erred in denying the defendant's counsel the right to further cross-examination of the witness Johnny Walker. We, therefore, determine that the judgment of conviction from which this appeal was taken must be hereby reversed and remanded.

■ Since this case must be reversed, hopefully the prosecution will not, on a third trial, allude to defendant's first or second convictions for the murder of Mr.

Letlow. We do not deem it necessary at this time to respond to defendant's other contentions.

The judgment below is hereby

Reversed and remanded.

ALMON, TYSON, HARRIS and De-CARLO, JJ., concur.

CATES, P. J., not sitting.