56 So.2d 665

## PEOPLES v. STATE.
### I Div. 463.

Supreme Court of Alabama.
Jan. 24, 1952.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen. (Chas. C. Carlton, Montgomery, of counsel), for the State.

Horne & Brantley, Monroeville, and Douglas S. Webb, Atmore, for appellant.

SIMPSON, Justice.

Appeal by Mary Lee .Peoples from a sentence of life imprisonment in the penitentiary and the overruling of her motion for a new trial after conviction of murder in the first degree for the killing of Raphel Peoples, an eight-year-old boy, by shooting him with a .22 caliber rifle.

The theory of the State's case was that the defendant, in a fit of anger, struck the deceased with a piece of stovewood and

then, becoming frightened when the child staggered out of the house into the back yard and fell, she shot him in the back of the head with the rifle. The tendency of the State's evidence is: On February 19, 1950, the defendant was left in charge of the children of her relative, Willie Lee Peoples, the deceased being one of them, at his home near Foley, Alabama; that during the morning the defendant worked some in the nearby house of Mr. C. R. Potts, but making two trips back to the Peoples house to see about the children; thereafter the same morning, Mr. Potts took defendant to town in his car so she could procure some medicine, and soon thereafter brought her back to Willie Lee Peoples' house, whereupon defendant was met at the gate by one of the children, Margaret Ann Peoples, and upon being informed of the death of Raphel, the defendant turned and ran back toward the car screaming, "The hunters have killed Baby Ray," indicating where his body was, which was around the house in the back yard and not visible to the defendant, the inference being, of course, that she knew about his death and where his body was prior to this time. When police officers arrived they found the deceased lying at the place she had indicated in the back yard of the home. There were bruises about his head and a bullet hole in the back of his head. Dr. Grubbs, assistant toxicologist, who qualified as an expert, testified that the bruises were caused by some blunt instrument, but that the cause of death was the gunshot wound; that the bullet which was lodged in the front of deceased's head which caused death was fired from the .22 caliber rifle found in Peoples' house; that the gun had recently been fired, but there were no fingerprints. This evidence sufficiently established the corpus delicti so as to warrant the introduction of the confession of the defendant, which fully sustained the State's theory of guilt.

To make a confession of guilt by the defendant admissible, it is not necessary that there be evidence connecting the defendant with the crime, the requisite being that the evidence show that the deceased died from force unlawfully applied—that is, that death was not the result of natural cause, accident or suicide, but the criminal agency of another. The evidence here sufficiently satisfied this rule. Johnson v. State, 247 Ala. 271, 24 So.2d 17; Shelton v. State, 217 Ala. 465, 117 So. 8.

There is likewise no merit in the contention that the confession of the accused was inadmissible as not having been proven to be voluntary. While extrajudicial confessions are prima facie involuntary and inadmissible and the duty rests, in the first instance, on the trial court to determine whether or not a confession is voluntary and unless it so appears, to exclude it, if there is preliminary proof that no threats were made or inducements offered, or the circumstances attending the confession disclose its voluntary character, the court will permit its introduction. Odom v. State, 253 Ala. 571, 46 So.2d 1; Logan v. State, 251 Ala. 441, 37 So.2d 753.

Proper predicate, without objection by the defendant, was laid by the State showing the voluntary character of the confession, which the court ruled admissible. There was nothing in the circumstances of its narration to indicate the contrary and the confession thus having been ruled admissible, the evidence subsequently presented by the defendant tending to prove that the confession was not voluntary went to the jury for their consideration of its probative value. Lockett v. State, 218 Ala. 40(8), 117 So. 457; Vernon v. State, 239 Ala. 593, 196 So. 96.

The defendant, when examined thereafter, did give evidence to the effect that the confession was extorted from her by coercive methods but, as stated, the probative effect to be given the confession was for the jury. A defendant may, before confessions are admitted, cross-examine a witness for the State as to their voluntary character and offer outside evidence on *voir dire* in contradiction of that produced by the State. Stone v. State, 208 Ala. 50, 93 So. 706. The defendant, however, chose not to do this and made no motion to exclude the confession. No

error, therefore, prevailed in the ruling admitting it.

 Likewise, on the whole evidence with respect to the confession, without regard to the failure of defendant to move to exclude it, there is nothing to show that the ruling admitting it was manifestly wrong or that defendant's rights under the Fourteenth Amendment to the Federal Constitution were infringed, resulting that said ruling will be here affirmed. Phillips v. State, 248 Ala. 510, 28 So.2d 542.

 One serious contention advanced in argument for a reversal is with reference to evidence of flight. The State introduced evidence tending to show flight and, of course, it was permissible for the defendant to introduce evidence to explain that flight. Goforth v. State, 183 Ala. 66, 63 So. 8; Gilbert v. State, 20 Ala.App. 28, 100 So. 566. In explanation of this, defendant's counsel on direct examination propounded to her the following question, objection to which was sustained: "Why had you gone to Prichard?" This question was objectionable as calling for testimony of the undisclosed state of mind or the secret intent or undisclosed purpose of the witness and under our authorities such evidence was inadmissible, though this view is said to be against the weight of authority. McGuff v. State, 248 Ala. 259, 27 So.2d 241.

 The defendant, of course, may introduce any facts which shed light on his motive in leaving the community, but our rule inhibits testimony as to the undisclosed operation of his mind. The Goforth Case properly states the rule:

"* * * The question as to *why* the defendant *left* the community and remained away from it becomes a question for the jury, and so, when the *state* offers the *fact* of the defendant's flight from the community in evidence, the law allows *both* the *state* and the *defendant* to show all those things which the defendant said and *did when he left,* and *while away* from the community, which tend to explain the quo animo of the *flight* * * *.

"* * * The evidence which he may lawfully offer on this subject is evidence *connected with his flight,* and explaining the character of the flight. In other words, when the state, in a criminal case, offers evidence tending to show flight on the part of the defendant, then the *acts and words* of the defendant which are so connected with the flight *as to give character to it,* and to really give color to it, are *parts* of the res gestae of the flight, and are admissible as such. * * * In this connection the manner in which the defendant left the community—whether openly or secretly, whether in a usual or in an unusual manner, and whether at a usual or in an unusual time—are all matters which may go before the jury as tending to illustrate the character of the flight. * * *" 183 Ala. at pages 68–70, 63 at page 8.

 It thus appears that the testimony sought to be elicited by the question was inadmissible and the objection was properly sustained.

We have scanned the record for errors, as is our duty, but have discovered none prejudicial to the substantial rights of the defendant. The verdict was well supported by the evidence and we likewise see no error in the action of the trial court in overruling the motion for a new trial.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.