284

130 So.2d 249

**George H. YOUNG**

v.

**STATE.**

I Div. 824.

Court of Appeals of Alabama.

May 9, 1961.

Michael J. Salmon and Vincent F. Kilborn, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of robbery and sentenced to imprisonment for a term of ten years. From the judgment of conviction in the Mobile Circuit Court this appeal is taken.

On account of erroneous rulings of the trial court the judgment must be reversed and the cause remanded for another trial, therefore, no useful purpose would be served by setting out the evidence introduced on the trial.

The state introduced testimony of several witnesses relating to oral extra-judicial confessions made by defendant. Written confessions made out of court were also introduced. In each instance after the state had introduced evidence tending to show that the confessions were voluntary, but before the trial court had ruled on their admissibility, defense counsel asked permission to cross-examine the witness with reference to the circumstances surrounding the purported making of the confessions for the purpose of showing their involuntary character. In each instance this request was denied by the trial court. These rulings constituted reversible error. White v. State, 260 Ala. 328,.70 So.2d 624, and the cases cited therein. As in the White case supra, we do not have present in the instant case those elements which would, under McGuire v. State, 239 Ala. 315, 194 So. 815, render the error harmless.

Since the cause must be reversed for the error pointed out, we pretermit a consideration of other questions raised on this appeal since they probably will not arise in the event of another trial.

Reversed and remanded.