217 So.2d 548

**Willie F. HOWARD**

v.

**STATE.**

**1 Div. 348.**

Court of Appeals of Alabama.

Jan. 7, 1969.

John Coleman, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

October 23, 1967, two cars collided on a road near Elberta. Larry Johnson, driving one of them, was killed. Howard was found guilty of voluntary manslaughter in Johnson's death. Howard was sentenced to ten years in the penitentiary.

Mr. C. D. Johnston, a highway patrolman, investigated the collision. He interviewed Howard twice. The first time was on the night of October 23 at South Baldwin Hospital. The second, was the following morning at the same place.

The transcript of testimony shows the following:

"MR. COLEMAN: I would like to take this witness on voir dire out of the presence of the jury.

"THE COURT: All right.

"REPORTER'S NOTE: The jury is removed from the court room, and the following took place.

"MR. COLEMAN EXAMINES THIS WITNESS ON VOIR DIRE.

"Q. Officer, at the time you took the statement at the hospital was this defendant under investigation?

"A The accident was under investigation.

"Q Was this defendant under investigation?

"A. No further than in routine investigation of the accident.

"Q. Did you know—Had anybody already died as a result of the accident?

"A. Yes sir.

"Q. Who had died then at that time?

"A. Deceased, Goldsmith and Larry Johnson.

"Q. Then there was an investigation being conducted relative to a manslaughter or murder charge wasn't there?

"A. Well at the time I was investigating the accident; I feel that before any charges can be placed you have to investigate the accident.

"Q. When was this done?

"A. All of the investigation was made that night—the night prior to the accident other than talking to the defendant.—the night of the accident—

"Q. What did the defendant tell you?

"A. I asked him if he was driving the automobile and he said 'yes he was'.

"Q. Where was he when he told you that?

"A. In the South Baldwin Hospital.

"Q. Was he injured?

"A. Yes sir.

"Q. Was he under sedation at the time?

"THE COURT: You are going to want to go over all of that before the jury?

"MR. COLEMAN: Yes sir, I plan on it.

"THE COURT: Why should we do it now and then too?

"MR. COLEMAN: Because I want to know what he is going to say.

"THE COURT: I am not going to let you do this. It would be to your advantage to do this before jury.

"MR. COLEMAN: The Court is going to let the confession in?

"THE COURT: Yes.

"MR. COLEMAN: Can I ask him two or three more questions?

"THE COURT: Yes.

"Q Did you advise the defendant that he had a right to an Attorney before he said anything?

"A. No sir.

"Q. Did you tell him that the State would furnish him an Attorney?

"A. No sir.

"Q. Did you tell him that any statement he made could be used in evidence against him?

"A. No I did not.

"MR. COLEMAN: I object to any statement being introduced.

"THE COURT: Overrule the objection.

"MR. COLEMAN: Except.

"REPORTER'S NOTE: The jury is returned to their seats in the Jury box, and Mr. Hendrix continues with his direct examination of the witness."

The appellant argues (a) Howard was in custody within the concept of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974; (b) he was under sedation—Edwardson v. State, 255 Ala. 246, 51 So.2d 233; and (c) defense counsel was entitled to extensive voir dire examination into all the circumstances of Howard's confession.

As to Howard's being in custody, we consider that his being in the hospital was detention. A city patrolman had taken him there. We would be naive if we believed that Howard could have freely walked away from his lazaretto. Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381, covers such interrogation.

We consider that reversible error is made to appear in the trial judge's ruling limiting the scope of voir dire as shown above. See White v. State, 260 Ala. 328, 70 So.2d 624; Hines v. State, 260 Ala. 668, 72 So.2d 296 (hn. 16); and Young v. State, 41 Ala.App. 284, 130 So.2d 249.

Harris v. State, 280 Ala. 468, 195 So.2d 521, presents virtually the same question. Under it and Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, the judgment below must be reversed and the cause remanded for new trial.

Reversed and remanded.