304 So.2d 235

**In re Johnnie Frank LLOYD, alias**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 1049.**

Supreme Court of Alabama.

Nov. 27, 1974.

William J. Baxley, Atty. Gen., and John
M. Gruenewald, Asst. Atty. Gen., for the
State, petitioner.

No brief for respondent.

BLOODWORTH, Justice.

The State of Alabama, by and through
the Attorney General, has sought, by appli-
cation for writ of certiorari to the Court
of Criminal Appeals, our review and rever-
sal of that court's judgment of reversal in
Lloyd, Alias v. State [1974], 53 Ala.App.
730, 304 So.2d 232. The application is de-
nied.

The grounds upon which the application
is sought is "a case of first impression."
In the application it is stated:

"The State has been unsuccessful in
its attempts to find an Alabama case
which has considered whether or not it
is reversible error for the trial court to
summarily cut off defense counsel's
cross-examination of a state's witness on
voir dire when the State's witness is of-
fering testimony as to the circumstances
surrounding an alleged inculpatory state-
ment made by the accused, in the wit-
ness' presence, prior to trial."

The application is due to be denied for
the reason, if for no other, that it is *not* a
case of first impression. In a long line of
decisions since at least 1887, eighty-seven
years ago, this Court has been committed
to the proposition:

"CLOPTON, J.—The established doc-
trine in this state is, that all confessions
are presumptively involuntary and inad-
missible; and that it is incumbent on the
state to show, *prima facie,* that a confes-
sion was freely and voluntarily made, be-
fore it can be admissible in evidence to
the jury. The determination of this in-
quiry, as the determination in respect to
the admissibility and competency of all
evidence, lies within the province of the
court. The inquiry, however, should not
be determined on *ex-parte* evidence.
Whenever the admissibility of any evi-
dence depends on extraneous facts, both
parties should be allowed to introduce
proof * * *. In determining whether
the confession proceeded from the voli-
tion of the accused, or from an influence
improperly exerted, the judge should
hear and determine the question of ad-
missibility, not merely upon such show-
ing as the prosecutor may deem proper
to make, but also upon the proof which
the defendant may introduce, in order
that he may not be prejudiced by the ad-
mission of illegal evidence. After the
prosecution has shown a *prima facie*
case, it is the right of the accused to in-

troduce testimony to rebut, and to show that the confession was not voluntarily made and, in determining whether a *prima facie* showing of a voluntary confession is made, the court should consider the testimony introduced by both parties. Rufer v. State, 25 Ohio St. 464; People v. Soto, 49 Cal. 67." Jackson v. State, 83 Ala. 76, 3 So. 847 (1887).

In a more recent decision in Lokos v. State, 278 Ala. 586, 179 So.2d 714 (1965) (per Lawson, J.), this Court held:

"It is settled in this state that the accused may, before confessions are admitted in evidence, cross-examine a witness for the State as to their voluntary character and offer outside evidence on *voir dire* in contradiction of that produced by the State. Peoples v. State, 256 Ala. 612, 56 So.2d 665; White v. State, supra [260 Ala. 328, 70 So.2d 624]. It is the right of the accused to controvert evidence in laying such predicate by cross-examination, or by evidence *aliunde,* but such countervailing evidence impeaching the predicate to be successful must be offered on the *voir dire,* before the confession is admitted."

Further, we have held it to be reversible error for the trial court to deny defendant counsel the right to cross-examine the witness on voir dire with reference to the circumstances of the confession, viz.:

" * * * And it has been held reversible error for the trial court to deny defense counsel opportunity to cross-examine the witness on voir dire with reference to circumstances surrounding a purported confession for the purpose of determining whether or not it was voluntarily made. * * * " Vincent v. State, 284 Ala. 242, 224 So.2d 601 (1969).

The obvious reason for the rule is stated in Lokos v. State, supra:

"If such countervailing evidence is not offered until after the preliminary question of the admissibility of the confession is passed on by the court, it goes to the jury on the credibility of the confession only. Lockett v. State, supra [218 Ala. 40, 117 So. 457]; Cook v. State, supra [16 Ala.App. 390, 78 So. 306]."

See also: Howard v. State, 44 Ala.App. 595, 217 So.2d 548 (1969); Young v. State, 41 Ala.App. 284, 130 So.2d 249 (1961); Hunter v. State, 38 Ala.App. 351, 83 So.2d 737 (1955).

See State v. Wilbanks, 289 Ala. 166, 266 So.2d 619 (1970) relating to the right of voir dire in circumstances other than confessions.

It is therefore that we agree with the Court of Criminal Appeals' holding that the trial judge committed reversible error in cutting off and denying defense counsel the opportunity to further cross-examine *on voir dire* the deputy sheriff who had testified to an inculpatory statement allegedly made by defendant and overheard by the deputy sheriff.

Writ denied.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.