BOWEN, Presiding Judge.
Milton Alexander Stoudemire was indicted and convicted for burglary in the third degree and theft in the first degree. Sentence was twenty years’ imprisonment and restitution in the amount of $13,575. From this conviction, Stoudemire appeals alleging that the trial court erred in admitting his confession into evidence where it was shown that he was mentally deficient.
Woodham’s Auto Parts in Opp was burglarized sometime during the night of March 4, 1984. On June 11, 1984, the defendant was interrogated by Detective Sergeant Johnny Johnson with the police department in Stewart, Florida. The defendant’s confession was admitted over the general objections of defense counsel: “I am going to object” and “We object. No predicate.” In the confession, the defendant admitted the burglary and taking some property. This confession was admitted after the State had presented a prima facie case of voluntariness and constitutional admissibility under Miranda v. Arizona, 384 *1116 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Detective Johnson testified that the defendant was rational and coherent. Defense counsel did not cross examine the detective about the defendant’s mental condition.
Opp Police Officer Mike Naro also interrogated the defendant on June 11, 1984, in Florida. The defendant admitted his involvement in the burglary and theft. This confession was also admitted into evidence after the State had presented a prima facie case that it was voluntarily, knowingly, and intelligently made. Defense counsel’s only objection was, “We object on the grounds that is not voluntary and knowingly an intelligent waiver of his rights.” Officer Naro testified that the defendant was coherent and that he did appear to understand his constitutional rights. The only question counsel asked Officer Naro concerning the defendant’s mental condition was whether or not it was possible that the defendant was “under medication” to which the officer replied that the defendant was not.
At no time during the State’s case in chief was any evidence presented by the defendant to challenge the State’s showing of voluntariness. Only after the State had rested did the defendant present evidence of his “mental deficiency”.
In his defense, the defendant presented only one witness. Joan Pruitt, the Coving-ton County Out-Patient Director at the South Central Alabama Mental Health Center, testified that she saw the defendant at Mizell Hospital on August 24, 1983, and that he was “actively psychotic”. The defendant was also “actively psychotic” when she saw him “in the jail at 6/18/84,” seven days after the defendant gave his two statements. Ms. Pruitt testified that an active psychosis is “a thought disturbance in which the person is ... not able to have rational behavior or rational thought patterns.”
Ms. Pruitt did not know the defendant’s state of mind in March when the burglary was committed. She stated that a burglary of the type committed in this case “would not be a symptom of ... [his] kind of illness.”
She testified that it was the Sheriff’s Department that called her to evaluate the defendant at the jail and that they had noticed the possibility that he might need psychiatric help.
From the record, it appears that defense counsel deliberately withheld any evidence which would conflict with the State’s prima facie showing of voluntariness until after the trial court had ruled that the statements were admissible, after the jury had heard both statements, and after the State had rested its case. Defense counsel never requested a voluntariness hearing outside of the presence of the jury and his objections to the statements were only general objections which did not specifically inform the trial court of any claimed infirmity which would affect their admissibility. After the defendant presented his evidence of mental deficiency and involuntariness, there was no objection to the admissibility of the confession and no motion to exclude.
A similar situation was presented in Lokos v. State, 278 Ala. 586, 593, 179 So.2d 714, 721 (1965), vacated in part on other grounds, 408 U.S. 935, 92 S.Ct. 2854, 33 L.Ed.2d 749 (1972):
“It is settled in this state that the accused may, before confessions are admitted in evidence, cross-examine a witness for the State as to their voluntary character and offer outside evidence on voir dire in contradiction of that produced by the State. Peoples v. State, 256 Ala. 612, 56 So.2d 665; White v. State, supra. It is the right of the accused to controvert evidence in laying such predicate by cross-examination, or by evidence ali-unde, but such countervailing evidence impeaching the predicate to be successful must be offered on the voir dire, before the confession is admitted. Lockett v. State, 218 Ala. 40, 117 So. 457; Cook v. State, 16 Ala.App. 390, 78 So. 306; Pope *1117 v. State, 183 Ala. 61, 63 So. 71; Jackson v. State, 83 Ala. 76, 3 So. 847. If such countervailing evidence is not offered until after the preliminary question of the admissibility of the confession is passed on by the court, it goes to the jury on the credibility of the confession only. Lockett v. State, supra; Cook v. State, supra.”
See also Lloyd v. State, 293 Ala. 410, 412, 304 So.2d 235, 236 (1974); Player v. State, 421 So.2d 1338, 1343 (Ala.Cr.App.1982); Allen v. State, 375 So.2d 550, 555 (Ala.Cr. App.1979); Hunter v. State, 38 Ala.App. 351, 357, 83 So.2d 737, 741 (1955).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.