Carl M. Harrison, Jr., was convicted for murder and was sentenced to life without parole as a habitual felony offender. He raises two issues on this appeal from that conviction.
 I.
A person who denies committing the offense charged is entitled to a jury instruction on a lesser included offense supported by any evidence. Ex parte Stork, 475 So.2d 623 (Ala. 1985). Here, the trial judge properly refused to instruct the jury on manslaughter as a lesser included offense of murder because, although there was some evidence to support an argument that the defendant killed the victim "due to a sudden heat of passion," there was no evidence that any passion was "caused by provocation recognized by law." Ala. Code 1975, §13A-6-3(a)(2).
The fact that the victim, who was not and apparently never had been the defendant's wife although she had borne his child, was having a romantic or sexual relationship with another man does not constitute legal provocation. See Biggs v. State,441 So.2d 989, 992 (Ala.Cr.App. 1983). Nor does the allegation that the defendant and the victim had a "heated argument" over a financial matter with regard to the child of the victim and the defendant constitute sufficient provocation. There was no evidence supplying any inference that the victim assaulted or threatened the defendant, and the law is settled that mere words or gestures, however offensive or insulting, will not reduce a homicide from murder to manslaughter. We find no legal provocation in the speculation concerning the victim's refusal to go to Texas with her child by the defendant and live with the defendant and his wife and their two children.
 II.
At the defendant's trial, the State presented evidence that immediately after the murder in September 1987, the defendant fled to a "wooded area" of Mobile, where he remained for a few days and then went to Texas where he was arrested in May 1988. The trial judge properly refused to permit defense witness Sam Houston to testify that the police "told him words to the effect of, we've got [the defendant] dead to rights and we've got his fingerprints on the murder weapon." The *Page 75 
evidence shows that Houston did not communicate this information to the defendant. Therefore, what the police told Houston was not relevant in proving the defendant's motive for flight and was merely inadmissible hearsay. See generally C. Gamble, McElroy's Alabama Evidence § 242.01(1) (3d ed. 1977).
 "Of course it is competent to introduce evidence in explanation of flight, to show it may have been due to other motive than a sense of guilt of the crime charged, but such proof cannot be established by offending the hearsay rule doctrine."
Coleman v. State, 37 Ala. App. 406, 408, 69 So.2d 481, 483
(1954) (The sheriff could not testify to what Mr. Thweat told the sheriff about what the defendant had told Thweat.).
However, the defendant testified in his own behalf and should have been permitted to state what he had been told concerning the police investigation. The defendant testified that immediately after he discovered the victim's dead body, he fled to a wooded area near the Alabama-Mississippi state line. While there, he "received communications" from a Major James A. Walker "about what the police were saying about [him] and the case against [him]." The trial judge sustained the prosecutor's hearsay objection and refused to permit the defendant to testify to the information he obtained from Walker. This testimony should have been permitted in order to explain the defendant's motive for flight.
In Green v. State, 258 Ala. 471, 476-77, 64 So.2d 84, 89
(1953), the Alabama Supreme Court wrote:
 "To explain this conduct as consistent with innocence, the defendant offered to prove by his nephew, Wesley Dutton, that he, Dutton, on Sunday morning after the body was discovered the previous morning, visited the defendant at defendant's home and informed him that crowds of people were searching for him, that they were accusing him of the crime and were threatening to shoot him and that he, Dutton, would try to get in touch with the officers to get them to call the men out of the woods so that defendant could surrender and that in fact the sheriff had then been contacted for that purpose. This evidence would have been competent and is rested on the principle that when flight has been proven, any fact or circumstance may be shown as shedding light on the defendant's motive in fleeing. What was communicated to him to induce his flight as well as his acts and words which are so connected with the flight as to give character and color to it are admissible as parts of the res gestae of the flight. Goforth v. State, 183 Ala. 66, 69, 63 So. 8.
 "Following is a good statement of the rule, well supported by competent authority:
 " '* * * After evidence of flight has been introduced * * * evidence offered by accused which has some tendency to explain his flight is relevant and must be received. Any fact is admissible in his behalf which shows that the reasons and motives of his flight were consistent with his innocence. His acts and declarations during his flight are admissible in explanation thereof, but not to show his innocence. He may show that he was insane when he absented himself; that he fled on the advice of his counsel, relative, or friends; that he intended and had arranged to leave the state before the crime; or that he fled because of fright, or because of threats or fear of mob violence.' . . . 22 C.J.S., Criminal Law, § 625, pages 961, 962."
(Emphasis omitted.)
In Lowe v. State, 514 So.2d 1042, 1045 (Ala.Cr.App. 1986), reversed on other grounds, 514 So.2d 1049 (Ala. 1987), this Court recognized that the defendant should have been permitted to testify that his flight had been prompted by his being harassed by news reporters and police officials seeking information concerning a police department investigation of alleged wrongdoing by the chief of police:
 "The law is well settled in Alabama that whenever the state has introduced evidence tending to show flight by the accused, the accused is permitted to rebut *Page 76 
the inference that he fled out of a consciousness of guilt by introducing evidence to explain his reason for flight. . . . Such evidence must, of course, have some tendency to prove the thing for which it is offered. . . . Alabama case law indicates, however, that the accused is to be given wide latitude in presenting evidence as to his motivation for flight. . . . 'Evidence is relevant if it has any probative value, however slight, upon a matter at issue in the case.' . . . 'Evidence is relevant if it has "any tendency to throw light upon the matter in issue, even though such light may be weak and fall short of demonstration." ' . . . [A] person's motivation for flight need not be rational to be admissible. Whether the evidence is sufficient to negate the inference that he fled because of a consciousness of guilt is a question for the jury, not the court. In Goforth v. State, 183 Ala. 66, 63 So. 8
(1913) [(holding that it was error for the court to exclude the contents of two postal cards, written by the defendant to his mother, in which he stated where he was going and what he intended to do)], the court stated:
 " 'The question as to why the defendant left the community and remained away from it becomes a question for the jury, and so, when the state offers the fact of the defendant's flight from the community in evidence, the law allows both the state and the defendant to show all those things which the defendant said and did when he left, and while away from the community, which tend to explain the quo animo of the flight, whether the absence of the defendant was due to his sense of guilt, or his desire to avoid, or through fear of, arrest, or on the other hand, whether his absence was due to other causes.' "
See also Peoples v. State, 256 Ala. 612, 615, 56 So.2d 665, 667
(1952); Home Insurance Co. of New York v. Trammell, 230 Ala. 278,280, 160 So. 897, 898-99 (1935); McAllister v. State,30 Ala. App. 366, 371-72, 6 So.2d 32, 37 (1942); Walters v. State,24 Ala. App. 370, 372, 135 So. 600, 602 (1931); Gilbert v.State, 20 Ala. App. 28, 30-31, 100 So. 566, 568 (1924).
The defendant's testimony concerning what he had been told did not violate the rule against hearsay.
 "If it is material to prove that a person at a specified time had been put on notice about a matter, or entertained a specified belief, acted in good or bad faith, had a specified motive to do or not to do an act or to do an act with a specified motive, or was mentally deranged, proof that a statement was made to him prior to the time in question which was reasonably calculated to create, and which is offered for the purpose of showing, notice, belief, good or bad faith, motive or mental derangement is not violative of the Hearsay Rule."
C. Gamble, McElroy's Alabama Evidence § 273.02 (3d ed. 1977).
In Lowe, 514 So.2d at 1046, this Court held that the jury should have been allowed to consider the circumstances surrounding the police department internal affairs investigation in determining the defendant's motive for flight. The Alabama Supreme Court upheld that holding. Ex parte Lowe, 514 So.2d at 1050. This Court also held that the improper exclusion of that evidence was harmless error because 1) the defendant gave another, more plausible, reason for his flight, and 2) the evidence of the defendant's guilt, though circumstantial, was overwhelming. Lowe, 514 So.2d at 1046. The Alabama Supreme Court rejected the application of the harmless error rule because "[t]he reason for the defendant's flight is a question properly reserved for the jury after a consideration of all the relevant circumstances." Ex parte Lowe, 514 So.2d at 1050 (emphasis added). "That the explanation for the defendant's flight is fantastic does not affect its admissibility; rather, the reasonableness of the defendant's explanation is for the jury in determining the weight to be attached to the circumstances of his flight." 29 Am.Jur.2dEvidence § 282 (1967).
In Ex parte Lowe, the Alabama Supreme Court also rejected the application of the *Page 77 
harmless error doctrine because "the proper inquiry here is not whether evidence of the defendant's guilt is overwhelming but, instead, whether a substantial right of the defendant has or probably has been adversely affected. The exclusion of evidence tending to explain a flight does adversely affect a substantial right of a defendant." 514 So.2d at 1050.
Although the defendant in this case also gave another, different and "more plausible reason" for his flight,[1] we cannot consider the error harmless for the same reasons stated in Exparte Lowe.
The judgment of the circuit court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] The defendant testified that he "had just gotten off of parole. I had had an absolutely horrifying experience with this Alabama Judicial System and I just from the circumstances that were there, I just knew that they were gonna consider the fact that I did this without any other consideration ever being brought up." The defendant testified to the effect that he had previously pleaded guilty to some charges involving theft and that he had been told he would "do approximately 90 days" but actually spent 23 months in prison. State's witness Billy Jean Plata testified, without objection, that the defendant also "talk[ed] about his fear that someone might fabricate evidence to make it look like he was guilty of this offense."