TAYLOR, Judge.
The appellant, John Kent Kernochan, Jr., was convicted of the murder of Arnie Tid-well, in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life imprisonment.
During the trial, the state presented evidence that after the killing, the appellant moved from Alabama to Massachusetts and that he was taken into custody in Massachusetts and was extradited to Alabama for trial. The appellant contends that the court erred in not allowing him to explain why he left the state of Alabama.
During direct examination of the appellant by defense counsel, William D. Hudson, the following occurred:
“DEPUTY DISTRICT ATTORNEY [GARY L.] PHILLIPS: —Judge, could I ask him a couple of questions on voir dire? I think he is about to get into some hearsay.
“THE COURT: Are you objecting on it may be hearsay?
“DEPUTY DISTRICT ATTORNEY PHILLIPS: Yes, sir. I mean he is relating—
“THE COURT: —Well, go ahead.

“VOIR DIRE EXAMINATION

“BY DEPUTY DISTRICT ATTORNEY PHILLIPS:

“Q Mr. Kernochan, you said that your — I believe it is your brother-in-law came back?
“A Yes, sir.
“Q With-your car?
“A Yes, sir.
“Q And what you are about to relate, is it based on something he told you happened?
“A Yes, sir.
“Q You weren’t present with him when anything happened?
“A Not there.
“DEPUTY DISTRICT ATTORNEY PHILLIPS: Then we will object to any further testimony unless he was present. It is hearsay.
“THE COURT: It would be hearsay.
“MR. HUDSON: I just asked him why he left, your Honor.
“THE COURT: Okay.

“MR. HUDSON CONTINUING WITH DIRECT EXAMINATION:

“Q Did Mr. Morris come back and report something to you that caused you to leave for Massachusetts?
“A Yes, sir, he did.
“Q Okay.
“A When he came back—
*1297 “Q —Judge is not going to let you go into that.”
The state contends in its brief that the appellant failed to preserve this issue for appellate review because he did not make an offer of proof as to what his testimony would have been if he had been allowed to explain why he left Alabama. An offer of proof is not necessary to preserve for review the sustaining of a hearsay objection.
The appellant attempted to offer an explanation for leaving Alabama and going to Massachusetts. His explanation was based upon what his brother-in-law had told him. This court addressed this issue of an accused’s explanation for flight in Harrison v. State, 580 So.2d 73 (Ala.Cr.App.1991). In Harrison,
“The defendant testified that immediately after he discovered the victim’s dead body, he fled to a wooded area near the Alabama-Mississippi state line. While there, he ‘received communications’ from a Major James A. Walker ‘about what the police were saying about [him] and the case against [him].’ The trial judge sustained the prosecutor’s hearsay objection and refused to permit the defendant to testify to the information he obtained from Walker. This testimony should have been permitted in order to explain the defendant’s motive for flight.”
580 So.2d at 75.
“The law is well settled in Alabama that whenever the state has introduced evidence tending to show flight by the accused, the accused is permitted to rebut the inference that he fled out of a consciousness of guilt by introducing evidence to explain his reason for flight. Mitchell v. State, 53 Ala.App. 625, 303 So.2d 123 (Ala.Cr.App.), cert. denied, 293 Ala. 767, 303 So.2d 126 (1974); Jones v. State, 52 Ala.App. 184, 290 So.2d 251 (Ala.Cr.App.1974); Green v. State, 258 Ala. 471, 64 So.2d 84 (1953); Peoples v. State, 256 Ala. 612, 56 So.2d 665 (1952).”
Lowe v. State, 514 So.2d 1042, 1045 (Ala.Cr.App.1986), reversed on other grounds, 514 So.2d 1049 (Ala.1987).
Furthermore, the appellant’s testimony of what his brother-in-law told him was not hearsay, and, therefore, the court erred in excluding it as being violative of the hearsay rule. See C. Gamble, McElroy’s Alabama Evidence § 242.01(1) (4th ed. 1991).
“Hearsay testimony consists of an out-of-court statement offered to prove the truth of the matter asserted. Ex parte Bryars, 456 So.2d 1136,1138 (Ala.1984). However, the prohibition against hearsay testimony applies only to a statement offered to prove the truth of its contents. Tillis v. State, 469 So.2d 1367, 1370 (Ala.Cr.App. 1985). ‘A statement offered for some other purpose other than to prove the truth of its factual assertion is not hearsay.’ Thomas v. State, 408 So.2d 562, 564 (Ala. Cr.App.1981).”
Brannon v. State, 549 So.2d 532, 539 (Ala.Cr.App.1989).
Here, what his brother-in-law told the appellant was an out-of-court statement, but it was not being offered to prove the truth of the brother-in-law’s statement. Whether the brother-in-law’s statement to the appellant was true or not was of no importance. The only importance of the statement was what effect it had on the appellant’s state of mind that would cause him to leave the state of Alabama.
Additionally, we cannot conclude that the exclusion of testimony of the appellant’s explanation for his flight is harmless error. See Harrison, supra. The exclusion of such evidence “adversely affect[s] a substantial right of a defendant.” Ex parte Lowe, 514 So.2d at 1050.
For the foregoing reasons, the appellant’s conviction is reversed and this case is remanded to the Circuit Court for Etowah County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.